**UNITED STATES of America, Appellee,**

**v.**

**Felix PAULINO, Defendant-Appellant.**

**No. 1004, Docket 88-1433.**

United States Court of Appeals, Second Circuit.

Submitted April 12, 1989.

Decided April 13, 1989.

Gary Schoer, Schoer & Sileo, Garden City, N.Y., submitted a brief, for defendant-appellant.

Andrew J. Maloney, U.S. Atty., John Gleeson, Jacques Semmelman, Asst. U.S. Attys., Brooklyn, N.Y., submitted a brief, for appellee.

Before NEWMAN, CARDAMONE and WINTER, Circuit Judges.

PER CURIAM:

This appeal raises the question of whether a sentencing judge exceeded his discretion by *not* departing from a guideline range set forth in the Sentencing Guidelines. This question arises on an appeal by Felix Paulino from a judgment of the District Court for the Eastern District of New York (Mark A. Costantino, Judge) convicting him, upon his guilty plea, of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (1982 & Supp. IV 1986). Paulino's sentence included a prison term of sixty-three months.

Appellant argues that Judge Costantino erred in not departing from the guideline applicable to Paulino based on appellant's minor role in the narcotics transaction that led to his arrest and conviction. Appellant alternatively asserts that Judge Costantino selected the inappropriate base offense level because the Court's computation was based on the total amount of narcotics involved in the transaction in which Paulino participated. We conclude that the District Court selected the correct base offense level and guideline range for Paulino. We also find that Judge Costantino did not, and indeed could not, exceed his discretion in not departing where, as here, the asserted basis for departure had already been taken into account by the Court in properly adjusting downward defendant's offense level. We therefore affirm.

Facts

On November 12, 1987, an undercover officer went to a supermarket in Brooklyn to complete a previously arranged purchase of two kilograms of cocaine from Luis Escolastico. Drug Enforcement Administration (DEA) agents had placed the store under surveillance and had obtained a search warrant for the premises. The officer and Escolastico agreed to consummate the purchase that evening. Paulino acted as a lookout for this meeting and attempted to search the officer for a listening device. When the officer returned later, Escolastico led him to the basement of the store, where the officer was shown two bags that Escolastico said contained cocaine. DEA agents then entered the store and recovered the two bags, which contained 63.8 grams of cocaine. Based on information that the rest of the two kilograms for that evening's planned purchase was cached in a nearby video arcade, DEA agents entered an unmarked video store that had a basement passageway leading to the supermarket and recovered 1,884 grams of cocaine and 41 grams of cocaine base ("crack").

The indictment charged Escolastico and appellant with conspiracy (count 1), and substantive offenses of possession with intent to distribute over 500 grams of cocaine (count 2) and possession with intent to distribute over 50 grams of crack (count 3).[1] Under a written plea agreement, Paulino pled guilty to a one-count superseding indictment. In his plea allocution, appellant admitted that he had served as the lookout for the cocaine distribution operation.

The Sentencing Guidelines establish a hierarchy of base offense levels for narcotics offenses, scaled in relation to narcotics quantities. In determining the base offense level applicable to Paulino, the District Court, following the recommendation contained in the presentence report, considered the total quantity of the drugs recovered during the operation and arrived at a base offense level of 32. *See* United States Sentencing Commission, *Sentencing Guidelines and Policy Statements* § 2D1.1 Drug Quantity Table (1987) [hereinafter "Sentencing Guidelines"].[2] The Court accorded Paulino a four-level reduction to account for his minimal role in the offense, pursuant to section 3B1.2(a) of the Guidelines, and a further two-level reduction for Paulino's acceptance of responsibility, pursuant to section 3E1.1. These reductions brought Paulino's offense level down to 26. The guideline range under Criminal History Category I, which concededly applies to Paulino, is sixty-three to seventy-eight months. The District Court imposed the minimum sentence within this range.

Discussion

Before turning to appellant's argument regarding a sentencing judge's discretion to depart from the guidelines, we

1. After the indictment was returned, the Government discovered that the net weight of the cocaine base was only 41 grams.

2. Because the offense at issue here was committed during the interval between November 1, 1987 and January 15, 1988 (when the Sentencing Commission amended the Guidelines), we cite the version of the Guidelines in effect at that time. However, the guideline provisions concerning Paulino's base offense level and the reasons for adjusting that level downward have not been changed by subsequent amendment. Thus our analysis would apply with equal force had this case arisen under the current version of the Guidelines. *See* United States Sentencing Commission, *Guidelines Manual* (1988).

briefly consider appellant's assertion that Judge Costantino erred in selecting Paulino's initial base offense level. Appellant does not dispute the mathematical correctness of Judge Costantino's calculation, but rather contends that the Court should not have selected a base offense level on the basis of the total amount of cocaine drugs discovered at the supermarket. We must reject this claim in light of our holding in *United States v. Guerrero,* 863 F.2d 245 (2d Cir.1988), despite the fact that Paulino possessed minimal knowledge of the scope of the transaction and had minimal control over its execution. In *Guerrero,* we held that, under section 1B1.3 (relevant conduct), the offense level calculation includes all acts aided and abetted by the defendant that are a part of the same course of conduct or common scheme as the offense of conviction. *Id.* at 248–50. Moreover, *Guerrero* specifically applies to offenses, such as the one in this case, occurring between November 1, 1987 and January 15, 1988. It is thus clear that Judge Costantino properly determined Paulino's base offense level.

Appellant's more novel argument is that Judge Costantino exceeded his discretion by not departing from the applicable guideline range. Paulino argues that his minimal role in the narcotics transaction entitled him to a downward departure, in addition to the four-level reduction in his base offense level already granted by the Court pursuant to section 3B1.2 of the Guidelines. He claims that his insubstantial prior record provided a further basis for downward departure.

This argument is without merit. The decision to depart is a matter within the sound discretion of the sentencing judge. *See* Sentencing Guidelines ch. 5, pt. K, § 2 General Provisions (Policy Statement), at p. 5.30 ("The controlling decision as to whether and to what extent departure is warranted can only be made by the court at the time of sentencing."); *United States v. Correa-Vargas,* 860 F.2d 35, 40 (2d Cir. 1988); *see also United States v. Sturgis,* 869 F.2d 54, 56 (2d Cir.1989). Moreover, Congress expected that that broad discretion would be exercised only when the basis for departure was a circumstance not already factored into the Guidelines: "The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C.A. § 3553(b) (West Supp.1988). Here, Paulino suggests as bases for departure two factors, minimal role and insubstantial criminal record, both of which were explicitly considered by the Commission in formulating the Guidelines and were taken into account by the District Court in its guideline calculation. Under such circumstances, a decision not to depart from the applicable guideline range cannot possibly be in excess of the discretion confided in sentencing judges, even if we make the doubtful assumption that the discretion not to depart could ever be exceeded.

The judgment of the District Court is affirmed.