896 F.2d 554
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ray WALDROP and Ricky D. May, Defendants-Appellants.
 Nos. 89-5671, 89-5769.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1990.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Ray Waldrop ("Waldrop") appeals the district court's January 31, 1989 denial of his motion to suppress evidence seized pursuant to a state search warrant. The district court found that although the state search warrant did not comply with the standard set forth in Rule 41 of the Federal Rules of Criminal Procedure, Waldrop's fourth amendment rights were not violated. Defendant Ricky May ("May") appeals the district court's June 13, 1989 denial of his motion for a new trial and its application of the United States Sentencing Commission Guidelines ("Guidelines"). The district court determined that a new trial was unwarranted, because May did not produce any newly discovered evidence that was likely to produce an acquittal if the case were retried. Further, the district court adhered to the Guidelines finding May's arguments for a downward departure unpersuasive. For the reasons set forth below, we AFFIRM.
 
 I.
 A.
 
 2
 On October 22, 1988 members of the Organized Crime Unit of the Memphis Police Department obtained a state search warrant based on information that two individuals were selling methamphetamine from a local motel in Memphis, Tennessee. The affidavit for the search warrant and the search warrant were presented to Judge William Hackett of the Shelby County, Tennessee General Sessions Court. The General Sessions Court is not a court of record.
 
 
 3
 The officers set up a surveillance at the motel and observed May and Waldrop in the motel lounge. Waldrop and an unnamed woman returned to the motel room rented by the defendants. Approximately one and a half hours later, the officers observed May depart the lounge and return to the motel room occupied by Waldrop.
 
 
 4
 The officers attempted to enter defendants' motel room and succeeded after some delay. As the officers entered, Waldrop fled the room leaving the woman behind. Waldrop was found outside the motel room dressed only in jeans.
 
 
 5
 Upon entering the motel room, officers observed drug paraphernalia sitting in plain view on the dresser. They also found a thermos containing a plastic bag of methamphetamine. Under May's bed, a gun and holster were found. After May's arrest, he indicated that the gun belonged to him. In May's jacket, the officers found a vial of methamphetamine.
 
 B.
 
 6
 On October 26, 1988, the grand jury for the Western District of Tennessee returned a one-count indictment charging May and Waldrop with aiding and abetting each other in the possession with intent to distribute 75.5 grams of methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2.
 
 
 7
 On December 13, 1988, Waldrop filed a motion to suppress the evidence seized pursuant to the state search warrant. The district court referred the matter to Magistrate James Allen for report and recommendation. After a hearing, the magistrate recommended that the motion to suppress be denied. The district court filed an order denying the motion to suppress on January 31, 1989. On February 21, 1989, Waldrop entered a plea of guilty to the one-count indictment and reserved the right to appeal the denial of his motion to suppress the evidence. Waldrop was sentenced to a term of imprisonment of 41 months and three years of supervised release. On May 19, 1989, Waldrop filed a timely notice of appeal.
 
 
 8
 On February 21, 1989, May was tried before the Honorable Julia S. Gibbons. Testifying on his own behalf, May stated that he was visiting relatives while on vacation in Memphis. He further testified that the jacket he was wearing at the time of his arrest belonged to Waldrop who left it in the motel lounge. May had put the jacket on and was planning to return it to defendants' room when he was arrested. May maintained that he did not know the drugs were in the motel room. The jury returned a guilty verdict on February 22, 1989.
 
 
 9
 May filed a motion for new trial on May 19, 1989. At the evidentiary hearing on May 26, 1989, May testified that he was with Waldrop in Memphis because May's mother had instructed him to monitor Waldrop's whereabouts. May fancied himself an undercover agent for the Louisiana law enforcement authorities who were investigating Waldrop.[1] After an evidentiary hearing, the district court denied the motion and sentenced May to a term of imprisonment of 33 months and three years of supervised release. May filed a timely notice of appeal on June 12, 1989.
 
 II.
 A.
 
 10
 On appeal, Waldrop contends that the district court erred in denying his motion to suppress. He argues that the evidence, seized pursuant to a state search warrant that fails to comply with Rule 41 of the Federal Rules of Criminal Procedure, should be suppressed.[2] We disagree with Waldrop's contentions. We hold that when a search is conducted exclusively by state officials and the case is subsequently turned over to federal officials, the search warrant need only conform to state requirements and federal constitutional requirements. United States v. Anderson, 851 F.2d 384, 390 (D.C.Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 801 (1989); United States v. Comstock, 805 F.2d 1194, 1200-01 (5th Cir.1986), cert. denied, 481 U.S. 1022 (1987); United States v. Chavez, 603 F.2d 143, 146 (10th Cir.1979), cert. denied, 444 U.S. 1018 (1980). As the search was constitutionally sound and conducted in good faith, the fruits of the search should not be excluded. Therefore, we find that the district court properly denied Waldrop's motion to suppress.
 
 B.
 
 11
 May contends his motion for a new trial was improperly denied. May argues that his post-trial disclosure to his attorney, that his mother dispatched him to remain with Waldrop for the purpose of aiding the Louisiana police in the apprehension and arrest of Waldrop, constitutes newly discovered evidence warranting a new trial. We find May's argument specious.
 
 
 12
 A new trial should be granted on the basis of newly discovered evidence if the following elements are met: (1) the newly discovered evidence was discovered after trial; (2) in the exercise of due diligence, the evidence could not have been discovered earlier; (3) the evidence is material and not merely cumulative and impeaching; and (4) the newly discovered evidence is likely to produce an acquittal if the case were retried. United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986), cert. denied, 484 U.S. 859 (1987). In the absence of a clear abuse of discretion, the district court's denial of a new trial based upon newly discovered evidence should not be disturbed. United States v. Allen, 748 F.2d 334, 337 (6th Cir.1984). As May fails to meet even one of the requirements for a new trial based upon newly discovered evidence, we conclude that the district court properly denied his motion for a new trial.
 
 
 13
 May also argues that his trial counsel's assistance was ineffective, in violation of the sixth amendment. To support this allegation, he contends that trial counsel failed to discover, through investigation, that May was acting on behalf of law enforcement officers. We find May's argument to be without merit.
 
 
 14
 In order to establish an ineffective assistance of counsel claim, May must show that counsel's performance was deficient and prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance occurs when counsel's representation falls below an objective standard of reasonableness. Id. at 688. Prejudice occurs when there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would be different. Id. at 694. Because there is insufficient evidence to show that a valid defense existed, May has not shown prejudice for counsel's failure to investigate a fact that May should have disclosed.
 
 
 15
 In challenging the district court's application of the Guidelines, May argues that the two-step enhancement of his offense level for possession of a weapon was improper. May further argues that the district court's refusal to make a downward departure from the Guidelines was in error. We reject these contentions and find that the district court properly sentenced May.
 
 
 16
 A two-step enhancement of the offense level was proper, because May had a firearm in his possession when he was arrested. See United States Sentencing Commission Guidelines Sec. 2D1.1(b)(1) (commentary indicating that a two level increase should be implemented "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"). The district court found that it was probable that the gun belonged to May. As this finding is not clearly erroneous, we will not set it aside. United States v. Perez, 871 F.2d 45 (6th Cir.), cert. denied, --- U.S. ----, 106 L.Ed.2d 576 (1989).
 
 
 17
 Finally, while a sentence is appealable if it is greater than the sentence specified in the applicable guideline range, a sentence that adheres to the Guidelines is not appealable for the district court's failure to make a downward departure. See United States v. Colon, 884 F.2d 1550, 1552 (2d Cir.1989).
 
 III.
 
 18
 After careful review of the record, we hold that the district court properly denied Waldrop's motion to suppress the evidence and May's motion for a new trial. Additionally, we find no error in the district court's application of the Guidelines. Accordingly, the judgment of the Honorable Julia S. Gibbons of the United States District Court for the Western District of Tennessee is AFFIRMED.
 
 
 
 [1]
 May did not produce any evidence indicating that he was authorized to violate the law. His contention that he was acting as a secret agent for the Louisiana police is completely uncorroborated by law enforcement authorities
 
 
 [2]
 Rule 41 provides in pertinent part:
 A search warrant authorized by this rule may be issued by a federal magistrate or a judge of a state court of record within the district wherein the property or person sought is located, upon request of a federal law enforcement officer or an attorney for the government.
 Fed.R.Crim.P.
 Judge Hackett, who issued the state search warrant, sits on the Shelby County, Tennessee General Sessions Court which is not a court of record.