42 F.3d 1392
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert A. LECHNER, Defendant-Appellant.
 No. 94-3227.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 8, 1994.
Decided Nov. 23, 1994.
 
 Before COFFIN,* CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 On July 1, 1994, defendant Robert A. Lechner pleaded guilty to tax fraud in violation of 26 U.S.C. Sec. 7206(1). The tax loss sustained by the government, according to findings made by the district court and unchallenged by defendant, totalled $39,852. District Judge Shabaz applied the relevant United States Sentencing Guidelines[1] and sentenced defendant to eight months of confinement with work release privileges during the last sixty days of that term, followed by one year of supervised release, and a $10,000 fine.
 
 
 2
 Defendant now challenges this sentence on the grounds that the district court abused its discretion by "mechanically" applying the Guidelines such that he received a higher sentence than was warranted for his conduct.[2] While we understand the mathematics of defendant's argument, we do not have authority to hear it because the sentence was, by all accounts, imposed in conformity with all applicable law. We therefore dismiss this appeal for lack of jurisdiction.
 
 
 3
 The Sentencing Reform Act explicitly sets forth the situations where appellate review of a sentence imposed under the Guidelines is appropriate. According to the Act, a defendant may challenge a sentence that:
 
 
 4
 (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.
 
 
 5
 18 U.S.C. Sec. 3742(a). The sentence imposed in this case meets none of these conditions and thus is not subject to appellate review. Defendant does not challenge the applicable guideline range--indeed, he conceded at sentencing that he had no objections to the specified range (Gov.Br.7). Defendant also agreed at oral argument before this Court that the district judge committed no violation of law in imposing a high-end sentence. He claims instead that appealable error resulted from an "incorrect application" of the sentencing guidelines, but is unable to identify any error beyond the allegedly improper use of ratios (high tax loss = high end sentence). Yet the Guidelines do not mandate a non-mathematical approach to sentencing. Indeed, chock full of tables and calculations, they invite reliance on figures as well as facts.
 
 
 6
 The argument that the district judge incorrectly applied the Sentencing Guidelines in looking to the amount of the tax loss is unsupported either by case law or by the dictates of the Guidelines themselves. We agree with the Second Circuit that appeals from sentences purportedly within the Guidelines are authorized for claims that a sentence was incorrectly calculated or based on erroneous factual findings. United States v. Colon, 884 F.2d 1550, 1554 (2nd Cir.1989), certiorari denied, 493 U.S. 993. Where neither of these contentions is present and the defendant is basically contesting a too-high sentence, we generally do not have jurisdiction. As the Colon court added:
 
 
 7
 the language "incorrect application" of the Guidelines suggests the claim that a sentence violates specific directions in the Guidelines rather than a claim that a sentence consistent with those directions is incorrect.
 
 
 8
 Id. at 1554-1555. Our inquiry ends here: in this Circuit, "a sentence within the correct guideline range that was not imposed in violation of the law must be affirmed." United States v. Guerrero, 894 F.2d 261, 270 (7th Cir.1990). Accordingly, this appeal is dismissed.
 
 
 
 *
 The Honorable Frank M. Coffin of the United States Court of Appeals for the First Circuit is sitting by designation
 
 
 [1]
 The Sentencing Guidelines direct judges to use the guideline manual in effect at the time of sentencing, unless doing so would violate the ex post facto clause of the United States Constitution. U.S.S.G. Sec. 1B1.11. In this case, the current Guidelines provide for a higher sentencing range than that in effect at the time of the offense; Judge Shabaz accordingly relied on the pre-November 1991 Guidelines in rendering sentence
 
 
 [2]
 The district judge stated that he selected an eight-month term from a Guidelines range of two to eight months because the $39,852 tax loss was "at the top of the guideline tax loss range [more than $20,000 and less than $40,000] as noted in Guideline Sec. 2T4.1(E).... Accordingly the sentence will be at the high end of the sentencing range" (Def.Br.App. A13-A14). Had the tax loss equalled $40,001, the defendnat's base offense level would have been increased by one but the tax loss would have been at the bottom of the range. Defendant contends that the judge would in these circumstances have applied the same formula, resulting in a low-end sentence of four months. However, this contention is pure speculation. The fact that Judge Shabaz expressed a particular reason for imposing this sentence (which the Sentencing Reform Act, 18 U.S.C. Sec. 3553(c)(1), does not even require him to do for a sentence of less than 24 months) has little bearing on what factors he would consider in different circumstances