99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Nelson RIVERA, Defendant-Appellant.
 No. 95-1322.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appeal from the United States District Court for the Eastern District of New York (Wexler, Judge).
 Appearing for Appellant: Joel B. Rudin, New York, NY.
 Appearing for Appellee: Bradley D. Simon, Ass't U.S. Att'ny, E.D.N.Y.
 E.D.N.Y.
 APPEAL DISMISSED.
 Present: OAKES, WINTER, WALKER, JR., Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is hereby dismissed.
 
 
 3
 Nelson Rivera appeals from a 70-month sentence imposed by Judge Wexler following his guilty plea to possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1).
 
 
 4
 Rivera contends that the district court erroneously did not consider a downward departure under the United States Sentencing Guidelines because it believed that it lacked authority to depart. We disagree. A fair reading of the record indicates that the district court's discussion of a lack of authority related solely to the question of whether it would be preferable as a policy matter to deport convicted drug traffickers rather than incarcerate them in this country. There is simply no basis to infer that the sentencing judge was unaware of the possibility of departure under the Guidelines. We need not reach the merits of Rivera's claim because a discretionary decision not to depart from the applicable Guidelines range is not appealable. United States v. Colon, 884 F.2d 1550, 1552 (2d Cir.), cert. denied, Papathanasion v. United States, 493 U.S. 998 (1989).
 
 
 5
 We therefore dismiss.