104 F.3d 354
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Henry GARCIA, a/k/a Henry Garcia-Mosquera, a/k/a Lewis
Medina, Defendant-Appellant.
 No. 96-1277.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1996.
 
 Appearing for Appellant: DAVID A. LEWIS, The Legal Aid Society, New York, N.Y.
 Appearing for Appellee: EVAN T. BARR, Assistant United States Attorney, Southern District of New York, New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 Before OAKES, CALABRESI, Circuit Judges, and HAIGHT, Jr., District Judge.*
 ORDER
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Baer, J.), it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 Henry Garcia appeals from a judgment of conviction entered after a plea of guilty on April 11, 1996, in the United States District Court for the Southern District of New York (Baer, J.), for violating 8 U.S.C. § 1326 by illegally re-entering the United States after having been deported following a conviction for an aggravated felony.
 
 
 1
 In August 1990, upon being released on parole from a 1986 New York State conviction for criminal sale of narcotics in the second degree, Garcia was deported to Bogota, Columbia. He re-entered the United States illegally, and was arrested for criminal sale of marijuana in September 1992, and again in April 1994. In July 1995, Garcia was indicted pursuant to 8 U.S.C. § 1326 for illegal re-entry following a conviction for an aggravated felony. He pleaded guilty to the charge.
 
 
 2
 Garcia's presentence report calculated a base offense level of 8 for illegally entering or remaining in the United States under U.S.S.G. § 2L1.2(a), and added a 16-level increase for the specific offense characteristic prescribed in U.S.S.G. § 2L1.2(b): "If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels." The adjusted offense level of 24 was then reduced to 20 for acceptance of responsibility and for Garcia's agreement not to contest his deportation.
 
 
 3
 The presentence report determined that Garcia had seven criminal history points, which placed him in Criminal History Category IV. Three of those points were for his 1986 narcotics conviction, the same offense that mandated the 16-level increase under U.S.S.G. § 2L1.2(b). Based on the total offense level of 20 and the Criminal History Category of IV, the district court arrived at a sentencing range of 51 to 63 months.
 
 
 4
 Garcia objected to the report, alleging that his 1986 conviction should not have been included in calculating his criminal history. If that conviction had not been included, he would have had only four criminal history points, which would have placed him in Criminal History Category III and yielded a sentencing range of 41 to 51 months. Judge Baer considered and rejected the defendant's argument, concluding that the conviction was properly included in calculating a criminal history category. He then departed downward from the lower end of the applicable sentencing range (51 months) to reflect the four months that Garcia had been incarcerated in New York while waiting for the federal authorities to take custody of him, and sentenced Garcia to 47 months. Garcia now appeals his sentence, arguing that the district court erred in counting his 1986 conviction in calculating his criminal history category.
 
 
 5
 Garcia's argument is as follows: Under U.S.S.G. § 4A1.1(a), three criminal history points should have been added only if his 1986 narcotics conviction was a "prior sentence" of imprisonment. U.S.S.G. § 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed ... for conduct not part of the instant offense." According to the application notes to section 4A1.2, as amended in 1993, "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provision of § 1B1.3 (Relevant Conduct)." U.S.S.G. § 4A1.2, Appl. Note 1. Because Garcia's prior conviction was included as a "specific offense characteristic" in calculating his offense level under section 2L1.2(b), he argues that it was clearly "relevant conduct to the instant offense." See U.S.S.G. § 1B1.3(a)(4) (relevant conduct includes any "information specified in the applicable guideline"). It follows, according to Garcia, that the district court erred in including the 1986 conviction in his criminal history.
 
 
 6
 The government disagrees, noting that the commentary to section 2L1.2 mandates that "[a]n adjustment under subsection ... b(2) for a prior felony conviction applies in addition to any criminal history points added for such conviction in Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L1.2, Appl. Note 5. Garcia responds by saying that this language does not alter the fact that Chapter Four, Part A (that is, section 4A1) by its plain language adds no criminal history points for a prior felony conviction that forms the basis for a specific offense characteristic adjustment under subsection (b)(2) (§ 2L1.2(b)(2)). He contends that the cases relied upon by the government, United States v. Crawford, 18 F.3d 1173, 1179 (4th Cir.) (holding that it is permissible to "double count" a prior felony as a specific offense characteristic under section 2L1.2(b) and in calculating criminal history under section 4A1.1), cert. denied, 115 S.Ct. 171 (1994), and United States v. Zapata, 1 F.3d 46, 49-50 (1st Cir.1993) (same), involved sentencing proceedings that took place before the Sentencing Commission amended the commentary to section 4A1.2 in November 1993 to explain that "conduct that is part of the instant offense" means "relevant conduct." According to Garcia, these cases are therefore irrelevant.
 
 
 7
 Garcia's argument has problems. For one thing, Garcia's interpretation of the 1993 amendment to the commentary to section 4A1.2 seems contrary to the intent of the amendment, which was to "ensure consistency with other guideline provisions," not to trump them. See U.S. Sentencing Guidelines Manual, Appendix C, Amendment 493 (1995). In addition, Garcia's reading of the Sentencing Guidelines produces a result apparently at odds with our prior conclusion that illegal re-entry cases constitute "unusual instance[s] where a prior act is relevant to determining both the defendant's criminal history category and the offense level for the charged conduct." United States v. Campbell, 967 F.2d 20, 25 (2d Cir.1992).
 
 
 8
 On the other hand, it cannot be gainsaid that the plain language of section 4A1.2 does give some support to Garcia's argument. An inconsistency in the Sentencing Guidelines therefore does seem to exist. Nevertheless, since our resolution of the issue would not alter Garcia's sentence, we need not resolve this potential inconsistency today. The applicable sentencing range when the 1986 conviction is included in calculating Garcia's criminal history category is 51-63 months. If the conviction were not included, the applicable sentencing range would be 41-51 months. In addressing Garcia's argument at sentencing, Judge Baer explained: "What I think probably resolves it for me is that the high end of the category three guideline is at the low end of the category four guideline, so it really is not going to matter in terms of the ultimate result ..." (emphasis added). Judge Baer then imposed a sentence of 51 months: the point of overlap between the two ranges.[1]
 
 
 9
 "Where the Guidelines provide overlapping ranges of imprisonment, and the sentence actually imposed is in the area of overlap and the sentencing court has indicated that it would have imposed the same sentence whichever range applied, there is no basis for reversal on appeal." United States v. Rivera, 22 F.3d 430, 439 (2d Cir.1994); see also id. (the Court of Appeals "need not even reach this issue" because the district court stated that "the result would be the same" either way); United States v. Garcia, 936 F.2d 648, 656 (2d Cir.) (where the applicable sentencing ranges were 97-121 months and 78-97 months, and the district court imposed a sentence of 97 months and "indicated that the claimed decrease in the offense level would not have altered its sentencing determination," the Court of Appeals did not need to address the issue), cert. denied, 502 U.S. 986 (1991); United States v. Colon, 884 F.2d 1550, 1552 (2d Cir.), cert. denied, 493 U.S. 998 (1989); United States v. Bermingham, 855 F.2d 925, 930-35 (2d Cir.1988).
 
 
 10
 This is such a case. Judge Baer stated that the resolution of this dispute was "not going to matter in terms of the ultimate result." Because "the sentencing judge [was] satisfied that the same sentence would have been imposed no matter which of the two guideline ranges applies, the sentence should stand." Bermingham, 855 F.2d at 934.
 
 
 11
 We have examined all of Garcia's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.
 
 
 
 *
 The Honorable Charles S. Haight, Jr., Senior District Judge of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 This sentence was then reduced by four months to reflect time served in state custody