**UNITED STATES of America, Appellee,**

v.

**Orlando OSORIO, Defendant–Appellant.**

**No. 00–1662.**

United States Court of Appeals, Second Circuit.

Aug. 24, 2001.

Peter A. Norling and Steven H. Breslow, Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, for appellee.

Emily R. Daniel, New York, NY, for defendant-appellant.

Present MINER, CALABRESI and CABRANES, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal from the judgment of the District Court be and it hereby is DISMISSED.

Defendant-appellant Orlando Osorio pled guilty in United States District Court for the Eastern District of New York (Block, *J.*) to a charge of failing to file a report when taking more than $10,000 out of the United States. The charge arose from Osorio's arrest in November 1999 while in route to Colombia with over $70,000 on his person. The court sentenced him to, *inter alia,* sixteen months imprisonment, at the top of the range provided by the Sentencing Guidelines.

The Pre–Sentence Report ("PSR") revealed that Osorio had admitted to agents that, in 1990 and 1991, he had been a major player in a money laundering operation that moved approximately $3 million a week. At sentencing, the district court accepted the PSR's recommendation that Osorio's prior conduct not be considered as "relevant conduct" for the purpose of calculating defendant's offense level under the Sentencing Guidelines; instead, the court used only the approximately $70,000 involved in the offense conduct alone. The court, however, was obviously troubled by defendant's previous criminal behavior and stated that it had even considered an upward departure.

The district court also considered defendant's prior conduct in connection with his request for a downward departure on the basis of his poor health. In the several years prior to sentencing, defendant had

suffered a heart attack, undergone surgery for prostate cancer, received two bypass operations, and continued to struggle with the after-effects of gunshot wounds received decades earlier. The court twice acknowledged the relevance that defendant's medical condition might have merited a downward departure but asked the parties how the court should weigh the significance of defendant's admitted, but uncharged, criminal acts. Indeed, the court pressed the government to take a position on the departure motion, explaining that "[w]e know what his medical condition is" but that "I mean, I'm wrestling with a person who obviously is very much involved in having drug money go down to Medellin, Colombia. It bothers me." After the government refused to support or oppose a departure, the court, while not expressly denying the motion to depart, stated "Well, Mr. Osorio, notwithstanding your physical condition, I'm inclined to send you to jail because you have a rich history of sending money down to Medellin, Colombia."

On appeal, defendant argues that the district court failed to give adequate consideration to his downward departure motion and that, to the extent the court did consider a departure, it improperly treated defendant's past money laundering as a consideration weighing against departure. We disagree.

■ " 'It is well established in this Circuit that a court's decision not to depart from the Guidelines is normally not appealable. The only exceptions to this rule are ... where the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart.' " *United States v. Zapata,* 135 F.3d 844, 846 (2d Cir.1998) (quoting *United States v. Lainez–Leiva,*

129 F.3d 89, 93 (2d Cir.1997)) (ellipses in original). This case does not fall into one of the exceptions.

■ Here, the district court obviously gave considerable thought to defendant's motion and was aware of its discretion to depart on account of Osorio's medical condition. In these circumstances, it is of no significance that the court never explicitly stated that it was denying the motion. See *Lainez–Leiva,* 129 F.3d at 93.

■ Indeed, it is apparent that the district court declined to exercise its discretion in defendant's favor largely because of defendant's admitted and extensive past criminal conduct, which, because it was distant in time and had not led to any charges or convictions, played no role in his offense level or criminal history calculations. Far from being an error of law rendering the failure to depart susceptible to appellate review, this weighing of the totality of the circumstances was entirely proper. See *United States v. Colon,* 884 F.2d 1550, 1554 (2d Cir.1989) ("A decision not to depart ... may be based on the sentencing court's view of the importance of other countervailing factors, rather than an incorrect weighing of an inadequately considered circumstance, and appellate review would impinge directly on the exercise of discretion by the sentencing court.").

We have considered all of appellant's arguments and concluded that we have no authority to review the district court's exercise of its discretion over downward departures. Accordingly, the appeal is DISMISSED.