UNITED STATES of America, Appellee,

v.

Osama Moustaffa SOLIMAN and Feisa
El Sayed Elbroul,
Defendants–Appellants.

Nos. 219, 330,
Dockets 89–1162, 89–1234.

United States Court of Appeals,
Second Circuit.

Argued Oct. 13, 1989.

Decided Nov. 13, 1989.

Denis J. McInerney, Asst. U.S. Atty.,
S.D.N.Y., New York City (Benito Romano,
U.S. Atty., David E. Brodsky, Asst. U.S.
Atty., S.D.N.Y., New York City, of coun-
sel), for appellee.

Roger Bennet Adler, New York City,
Martin G. Goldberg, Franklin Square, N.Y.,
for defendants-appellants.

Before KAUFMAN, FEINBERG and
CARDAMONE, Circuit Judges.

IRVING R. KAUFMAN, Circuit
Judge:

Promulgated in 1984 under the congres-
sional mandate to create uniformity in sen-
tencing, the United States Sentencing
Guidelines ("Guidelines") have imposed a
detailed apparatus upon the discretion of

the trial judge in sentencing a defendant. Although the Guidelines have survived a barrage of constitutional challenges and have undergone numerous amendments, they continue to require interpretation and oversight.

On appeal we must delineate the scope of appellate review of sentences under the Sentencing Reform Act of 1984 (as amended), 18 U.S.C. § 3551 *et seq.* and 28 U.S.C. § 991 *et seq.*, and consider several challenges to the application of the Guidelines. Our decision reinforces the recently stated position of this court[1] barring appeals of sentences falling within a correctly applied Guidelines range absent a violation of law. We uphold a trial judge's informed discretion to consider a foreign conviction in sentencing a defendant, but only in appropriate circumstances.

The undisputed facts pertinent to this appeal can be summarized briefly. After their arrest for selling heroin to an undercover agent, appellants Osama Moustaffa Soliman and Feisa El Sayed Elbroul pleaded guilty on April 14, 1988, to one count of possession with intent to distribute approximately 839 grams of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. Before entering their pleas, the appellants were informed by Judge Edelstein of the Southern District of New York that their offense was punishable by a minimum of 5 and a maximum of 40 years imprisonment.[2] Applying the Guidelines, Judge Edelstein sentenced Soliman and Elbroul to 121 and 108 months of imprisonment, respectively.

A base offense level of 30 for each defendant was derived from the quantity of drugs found in Elbroul's possession at the time of the arrests (404.9 grams) and in an apartment (435.1 grams) which the appellants admitted sharing and which Soliman consented to have searched. Based on Judge Edelstein's finding that Soliman and Elbroul testified untruthfully during a suppression hearing, each appellant was further assessed a two-level increase for obstruction of justice under § 3C1.1 of the Guidelines. In addition, Judge Edelstein granted a two level reduction to each for acceptance of responsibility under Guidelines § 3E1.1. Matching their adjusted offense levels with the lowest criminal history category of I for each defendant produced an applicable Guidelines range of 97 to 121 months imprisonment.

On March 9, 1989, Judge Edelstein sentenced Soliman to the maximum within the applicable range[3] because of:

> ... the defendant's access to a large quantity of unusually pure heroin, possession of two passports and numerous bank accounts and businesses which could not be verified.

> Reports from European law enforcement authorities indicate Mr. Soliman has been involved in narcotics trafficking for over ten years.

> All of these facts suggest that this is not a first attempt at drug distribution. Moreover, the defendant admitted to smuggling in the past and has been convicted in Italy for drug trafficking.[4]

On May 15, 1989, Judge Edelstein sentenced Elbroul to 108 months of incarceration stating that "[t]his term of imprisonment is in the middle of the guideline range and is justified by the quantity of heroin involved, which is also in the middle of the range for the base offense level under the guidelines."[5]

---

1. *United States v. Colon,* 884 F.2d 1550, 1552 (2d Cir.1989).

2. Because of the pleas, the prosecution dropped the other charge in the two-count superseding indictment of conspiracy to distribute and possession with intent to distribute in excess of 500 grams of heroin.

3. Soliman was also sentenced to a life of supervised release, a $10,000 fine, and a $50 special assessment.

4. On July 2, 1976, Soliman was convicted in Milan, Italy, of possession with intent to distribute 11 kilograms of hashish.

5. Elbroul was also sentenced to a six-year term of supervised release, a $35,000 fine, and a $50 special assessment.

Soliman contends that Judge Edelstein erred by refusing to lower his sentence for alleged cooperation with the government and by considering improperly a foreign conviction for drug trafficking that was constitutionally unsound. Elbroul challenges Judge Edelstein's reliance on allegedly erroneous information in a presentencing report and the district court's failure to apprise him of the possible sentence under the Guidelines. Before reaching the merits of their claims, we must address the issue whether a sentence that falls within a correctly calculated Guidelines range is appealable.

The Sentencing Reform Act of 1984 (as amended) ("SRA") provides several statutory bases for appellate review of both the legality and the severity of a sentence. 18 U.S.C. § 3742 (Supp.1989). Briefly stated, under the SRA both the government and defendant can appeal a sentence that: 1) was imposed in violation of law, § 3742(a)(1), (b)(1); or 2) was the result of an incorrect application of the Guidelines, § 3742(a)(2), (b)(2); or 3) was imposed for an offense not contemplated by the Guidelines and is plainly unreasonable. § 3742(a)(4), (b)(4). In addition, a defendant may appeal an upward departure outside the Guidelines range maximum, § 3742(a)(3), while the government may appeal a downward departure to a lower range. § 3742(b)(3).

■ Congress did not explicitly state whether a sentence imposed within a Guidelines range was appealable. On September 6, 1989, over a month after briefs on appeal were filed but before oral arguments were heard, another panel of this court resolved this open issue. In *United States v. Colon*, 884 F.2d 1550, 1552 (2d Cir.1989), we held that a decision by a district judge not to depart downward from a Guidelines sentence that was correctly applied and not "in violation of law" was nonappealable.

In *Colon*, the defendant challenged the district court's imposition of a sentence of 18 months (within a range of 18 to 24 months) because the sentencing judge should have departed downward in consideration of the defendant's drug addiction and the relatively small amount of narcotics involved.[6] In rejecting these arguments, we carefully considered the statutory bases for appealing a sentence and the application of these provisions to sentences imposed within a Guidelines range. The opinion noted that both § 3742(a)(1), which provides for appeals based on a claim by a defendant that a sentence is "in violation of law," and subsection (a)(2)'s provision for appealing an "incorrect application" of the Guidelines could be interpreted broadly to allow appeals based on any claim of error in sentencing, including a claim that a sentence is unreasonably high or low. Instead, the court construed these provisions narrowly—consistent with the statutory language and congressional intent. Accordingly, *Colon* determined that a sentence that falls within a Guidelines range is not appealable absent a showing that the Guidelines were misapplied or the sentence imposed was illegal under subsections (a)(1) or (b)(1). The remaining subsections of § 3742 do not apply to sentences imposed within a Guidelines range.

■ Applying these conclusions to the challenges before us, we are of the view that Soliman's claim that the trial court erred in refusing to lower his sentence in light of alleged cooperation with the government is not reviewable. There is no allegation that an appealable violation of law or a misapplication of the Guidelines has occurred; rather, this claim directly challenges the discretion of the trial court. Congress, however, intended that the discretion of the trial judge "should not be displaced by the discretion of an appellate court." S.Rep. No. 225, 98th Cong., 1st Sess. 150, *reprinted in* 1984 U.S. Code Cong. & Admin. News 3182, 3333. When,

---

6. While the sentence challenged in *Colon* was at the minimum of the applicable range and therefore involved a failure to depart to a lower range, Judge Winter's opinion was premised broadly on a finding that Congress did not intend any sentence falling within an applicable range to be appealable absent a showing that the Guidelines were misapplied or the sentence was imposed illegally. *Colon,* at 1553–54.

as in Soliman's case, the prosecution declines to certify a defendant as having substantially cooperated with the government, it remains within the district court's discretion to consider *sua sponte* the defendant's allegations upon sentencing. *United States v. Huerta,* 878 F.2d 89, 93 (2d Cir. 1989).

■ Soliman's other claim—that consideration of a foreign conviction was in violation of law—is clearly appealable under § 3742(a)(1). Similarly, Elbroul's claims that the district court relied on factually erroneous information and failed to apprise him of the possible Guidelines sentence fall within the ambit of appellate review.

■ Although foreign convictions are not included in determining a defendant's criminal history category, the Guidelines expressly authorize a district court to consider a foreign conviction in determining whether to depart from an initially determined range. Commentary to Guidelines § 4A1.1 at 4.2 n. 2. *See also* United States Sentencing Commission, *Guidelines Manual* (November 1989) (hereinafter *"Guidelines Manual"*), § 4A1.2(h) at 4.6 (*"Foreign Sentences:* Sentences resulting from foreign convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category)"). In particular, Guidelines § 4A1.3 provides that "the court may consider imposing a sentence departing from the otherwise applicable guideline range" in light of information including:

(a) prior sentence(s) not used in computing the criminal history category (*e.g.,* sentences for foreign and tribal offenses).

*Guidelines Manual* at 4.9. As we note, this section also allows consideration of:

(e) prior similar adult conduct not resulting in a criminal conviction.

*Id.* at 4.9.

The Policy Statement attached to Guidelines § 4A1.3 explains that a "departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." *Id.* at 4.9.[7] Most significantly, the commentary to § 4A1.2 specifically addresses the use of invalid convictions for this purpose: "Convictions which the defendant shows to have been constitutionally invalid may not be counted in the criminal history score.... Nonetheless, *any* conviction that is not counted in the criminal history score *may be considered pursuant to § 4A1.3* if it provides reliable evidence of past criminal activity." *Guidelines Manual,* Commentary to § 4A1.2 at 4.7–.8 n. 6 (emphasis supplied).

Soliman, nevertheless, argues that the Supreme Court's decision in *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), prohibits reliance by a trial judge on a constitutionally defective conviction in sentencing a defendant. In *Tucker,* the Supreme Court concluded that a defendant must be resentenced when the judge was unaware of the constitutional defects in a prior conviction relied upon in sentencing. The Supreme Court reasoned that the "case might have been different if the sentencing judge *had known* that at least two of the respondent's previous convictions had been unconstitutionally obtained." *Id.* at 448, 92 S.Ct. at 592 (emphasis supplied).

■ *Tucker* requires informed discretion on the part of the sentencing court. *See, e.g., United States v. Fleishman,* 684 F.2d 1329, 1346 (9th Cir.), *cert. denied,* 459 U.S.

---

7. In this regard, we note that Soliman's reliance on *Stubbs v. Mancusi,* 442 F.2d 561 (2d Cir. 1971), *rev'd on other grounds,* 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972), is misplaced. In *Mancusi,* we held that a defendant could not be sentenced under a state statute providing for more severe penalties for second felony offenders where the defendant's prior conviction had been obtained in violation of the Sixth Amendment. *Mancusi* involved a mandatory sentence enhancement. In this case, Soliman's foreign conviction was not used in determining his criminal history category but was one of several factors relied upon by Judge Edelstein in imposing a sentence within the applicable Guideline range. *Compare* Guidelines § 4A1.2(h) *with* § 4A1.3, *Guidelines Manual* at 4.6, 4.9.

1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982) (upholding sentence where "[t]he district court was ... under no mistaken impression that the convictions were constitutionally valid under this country's laws as was the sentencing court in *Tucker*"). Once apprised of the possible constitutional infirmities surrounding a foreign conviction, the sentencing judge, in an exercise of informed discretion, may rely on the conviction in deciding whether to depart from a Guidelines range, or increase a sentence within a range. *See Guidelines Manual,* § 1B1.4 at 1.21 ("In determining the sentence to impose within the guidelines range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law. *See* 18 U.S.C. § 3661.").

To interpret *Tucker* otherwise would lead to the bizarre result that the facts underlying a crime could be considered only when they did not result in a conviction. Subsection (e) of Guidelines § 4A1.3, as we have indicated, explicitly allows for consideration of prior misdeeds that were not the subject of a conviction. The settled law of this Circuit provides the same broad discretion. *See, e.g., United States v. Carmona,* 873 F.2d 569, 574 (2d Cir.1989) ("Any information or circumstances shedding light on the defendant's background, history and behavior may properly be factored into the sentencing determination.").

Since Judge Edelstein was fully briefed by Soliman's counsel on the possible constitutional infirmities of the Italian conviction and showed an awareness of the problem, we uphold his discretion in sentencing Soliman to the maximum within the correctly calculated Guidelines range.

■ Appellant Elbroul argues that he was erroneously assessed a two-point penalty for obstruction of justice because his presentence report "confused" him with Soliman in indicating that he testified untruthfully during a suppression hearing. We note that at sentencing, Elbroul informed Judge Edelstein that he had read the report, discussed it with his attorney, and did not wish to challenge its contents. Having failed to avail himself of this opportunity below, Elbroul cannot seek relief here. *United States v. Bufalino,* 576 F.2d 446, 453 (2d Cir.) *cert. denied,* 439 U.S. 928, 99 S.Ct. 314, 58 L.Ed.2d 321 (1978).

Elbroul also claims that he did not plead "knowingly" since at the time of his guilty plea he was unaware that the Guidelines permitted the sentencing judge to consider both the amount of drugs he admitted to possessing and the additional narcotics seized from the apartment he shared with Soliman. A similar claim was recently rejected by this Circuit in *United States v. Fernandez,* 877 F.2d 1138, 1143 (2d Cir. 1989).

We affirm the sentences and the challenged conviction.