**UNITED STATES of America**

v.

**David Roger ANDERSON.**

**Crim. No. S 92–0037.**

United States District Court,
D. Maryland.

April 1, 1992.

Richard D. Bennett, U.S. Atty., Lisa M. Griffin, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Michael J. Priser, Bel Air, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

Pursuant to 18 U.S.C. § 3742(g), the appellant challenges the sentence (three years on probation, with a condition that he "remain in the custody of the Bureau of Prisons for a period of sixty (60) days during the first year of the probation period") imposed upon him by a Magistrate Judge of this Court for conviction of violation of 18 U.S.C. § 1382, a Class B misdemeanor. The matter has been briefed under the Local Rules of the Court, and no oral argument is deemed necessary.

In that there are no sentencing guidelines for Class B misdemeanors, U.S.S.G. § 1B1.9, this appeal is limited by statute to only two of the grounds set forth in 18 U.S.C. § 3742, *viz.*, whether the sentence was imposed in violation of law or was plainly unreasonable, 18 U.S.C. § 3742(e)(1) and (4). If neither of these conditions exists, the sentence is to be affirmed. 18 U.S.C. § 3742(f)(3).

The sentence imposed was not "plainly unreasonable," given the defendant's offense conduct and his personal history, including his dreadful driving record. The principal contention on appeal is that the Magistrate Judge sentenced the defendant in violation of law and/or unreasonably when he considered a pending drug charge, and when he concluded that the defendant was probably guilty of that offense. Because this Court perceives that the Magistrate Judge did not base his sentence on "unreliable" information, his taking into account information about a pending drug charge in deciding where, within his discretion, to fix the sentence was in fact lawful and was authorized by 18 U.S.C. § 3661. *Cf. United States v. Soliman*, 889 F.2d 441, 444–45 (2d Cir.1989) (sentencing judge may properly rely on a foreign conviction, and his assessment of the conduct underlying it, under § 3661 in fixing sentence, even though it cannot be counted in criminal history computation). Under 18 U.S.C. §§ 3661 and 3742, a reviewing court should give considerable deference to the sentencing judge's determinations about the reliability of information he relied upon in fixing the sentence. In this case, there has been an insufficient showing that this information was unreliable as a matter of law to make the resulting sentence one "imposed in violation of law" or "plainly unreasonable" under § 3742(e).

Nevertheless, this Court must vacate the sentence and remand this case for resentencing under § 3742(f)(1), in that the sentence was plainly imposed in violation of law. Under the statutes dealing with federal sentencing as revised by the Sentencing Reform Act of 1984, a period of "straight" imprisonment cannot be imposed at the same time as a sentence of probation, 18 U.S.C. § 3561(a)(3), nor is it expressly allowed as a condition of probation under 18 U.S.C. § 3563(b). The only imprisonment options now allowed by statute as conditions of probation are intermittent confinement, community corrections facility confinement, and home detention. 18 U.S.C. § 3563(b)(11), (12), and (20). Given the flat statutory prohibition of § 3561(a)(3), it is apparent that straight imprisonment, as utilized in this case, may not properly be made a condition of probation under the catch-all "other conditions" language of § 3563(b)(21).

The Magistrate Judge, on remand, may sentence the defendant to a period of imprisonment or to probation on any lawful conditions, for a probationary period of up to five years, 18 U.S.C. § 3561(b)(2).