[NOT FOR PUBLICATION]

 United States Court of Appeals
 For the First Circuit

 

No. 96-2350

 UNITED STATES,

 Appellee,

 v.

 FRANCIS BOOTS,

 Defendant - Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 

 Campbell, Senior Circuit Judge, 

 and Stahl, Circuit Judge. 

 

 David W. Bate for appellant. 
 F. Mark Terison, Assistant United States Attorney, with whom 
Jay P. McCloskey, United States Attorney, and Margaret D. 
McGaughey, Assistant United States Attorney, were on brief for 
appellee.

 

 June 25, 1997
 

 Per Curiam. Francis Boots ("Boots") was convicted, Per Curiam.  

following a jury trial, of conspiracy, in violation of 18 U.S.C.

 371, to commit three offenses:

 1) to devise a scheme or artifice using
 the wires in interstate commerce with
 intent to defraud Canada and the Province
 of Nova Scotia of excise duties and tax
 revenues, in violation of 18 U.S.C.
 1343; 2) to devise a scheme or artifice
 to deprive the residents of the
 Passamaquoddy Reservation in Maine of the
 honest services of their police chief, in
 violation of 18 U.S.C. 1343 and 1346;
 and 3) to travel interstate with the
 intent to facilitate bribery, a crime
 under Maine state law, in violation of 18
 U.S.C. 1952.

United States v. Boots, 80 F.3d 580, 582-83 (1st Cir.), cert. 

denied, 417 S. Ct. 263 (1996) ("Boots I"). 

 Following conviction by the district court, Boots and

his co-defendants appealed to this court. We reversed in part

and remanded for resentencing. Id. at 595. On November 22, 

1996, the district court sentenced Boots to fourteen months

imprisonment. He now appeals the sentence.

 Boots first argues that he was entitled to a two-point

reduction in his sentencing level for acceptance of

responsibility. This issue was reviewed by this court in Boots I 

and, therefore, the ruling in Boots I -- which affirmed the 

district court's denial of a downward departure for acceptance of

responsibility -- is the law of the case. Boots is, therefore,

precluded from seeking review of the issue unless "the evidence

on a subsequent trial was substantially different, controlling

authority has since made a contrary decision of law applicable to

 -2-

such issues, or the decision was clearly erroneous and would work

an injustice." Cohen v. Brown Univ., 101 F.3d 155, 168 (1st Cir. 

1996), cert. denied, 117 S. Ct. 1469 (1997). 

 Boots alleges that the district court's statement on

remand that he had been truthful with the court was enough to

allow reconsideration of our earlier decision. We disagree.

Although it is true that the district court commented on Boots'

truthfulness, this choice of words by the sentencing court is

insufficient to overcome the law of the case doctrine. As we

stated in Cohen v. Brown University, "only a few exceptional 

circumstances can overcome the interests served by adherence to

the [law of the case] doctrine and those exceptions are narrowly

circumscribed." Id. It is insufficient for appellant Boots 

simply to point to comments by the district court that differ

from comments made by that court prior to Boots I without showing 

that these comments amount to substantially different evidence.

As he has failed to show that substantially different evidence

was presented, we affirm the district court's decision as to the

acceptance of responsibility issue.1

 Boots' second argument is that the district court erred

in imposing a fourteen month sentence. He does not dispute that

the district court correctly calculated his offense level to be

thirteen, which implies a sentence range of twelve to eighteen
  

1 We add that even if we decided that the law of the case
doctrine did not apply, we would be required to affirm the
district court decision unless it were clearly erroneous, which
it is not. See United States v. Royer, 895 F.2d 28, 30 (1st Cir. 
1990).

 -3-

months. He claims, however, that in choosing a sentence of

fourteen months, the court impermissibly considered tax revenue

loss suffered by Canada.

 As a general rule, it is established that this court

ordinarily has no jurisdiction to review a sentence within the

applicable sentencing guideline range if that range was correctly

determined. United States v. Panet-Collazo, 960 F.2d 256, 261 

(1st Cir. 1992). Since there is no indication that the

sentencing court's affixation of the fourteen-month term was

otherwise "in violation of law,"2 18 U.S.C. 3742(a)(1), we lack

jurisdiction to consider this claim. See United States v. Col n, 

884 F.2d 1550 (2d Cir. 1989).

 Affirmed. Affirmed 

  

2 On plain error review, we conclude that the district court's
consideration of the Canadian tax revenue loss, although not a
predicate for wire fraud, see United States v. Boots, 80 F.3d 580 
(1st Cir.), cert. denied, 417 S. Ct. 263 (1996), was not improper 
given that the guidelines permit the court to consider "any
information . . . unless otherwise prohibited by law." U.S.S.G.
 1B1.4. We note also that other circuits have allowed
consideration of foreign convictions in determining sentencing
within the applicable range. See United States v. Soliman, 889 
F.2d 441 (2d Cir. 1989) (interpreting United States v. Tucker, 
404 U.S. 443 (1972)). See also United States v. Fleishman, 684 
F.2d 1329 (9th Cir. 1982).

 -4-