

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-1999

# USA v. Fordham

Precedential or Non-Precedential:

Docket 99-3132

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation
"USA v. Fordham" (1999). *1999 Decisions.* Paper 220.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 30, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3132

UNITED STATES OF AMERICA

v.

CHRISTOPHER PHILLIP FORDHAM,
        Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. No.: 97-cr-00018-1
District Judge: Honorable James F. McClure, Jr.

Submitted Under Third Circuit LAR 34.1(a)
July 13, 1999

Before: GREENBERG, ALITO, and ROSENN,
Circuit Judges.

(Filed July 30, 1999)

        George J. Rocktashel
        Office of United States Attorney
        240 West Third Street
        P.O. Box 548
        Williamsport, PA 17703
        Counsel for Appellee

        G. Scott Gardner
        2117 West 4th Street
        Williamsport, PA 17701
        Counsel for Appellant

OPINION OF THE COURT

ROSENN, Circuit Judge:

Appellant, Christopher Phillip Fordham, pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. S 1956(h). The Presentence Investigation Report ("PSR") calculated the defendant's guideline range at 87 to 108 months based on a Criminal History Category of I. The United States District Court for the Middle District of Pennsylvania, the Honorable James F. McClure, Jr. presiding, found that a Criminal History Category of I significantly under-represented the seriousness of the defendant's prior record. Consequently, the court departed upward to a Criminal History Category of II, which calculated the increased guideline range at 97 to 121 months. The court then imposed a 120 month term of imprisonment plus a special assessment of $100. 1 Defendant appealed. We affirm.

I.

A government investigation revealed that the defendant procured large amounts of marijuana in Arizona and Mexico, which he had others transport and sell in New York and Pennsylvania. The defendant also used Federal Express to transport marijuana to individuals located in State College, Pennsylvania. In addition, at the defendant's direction, several individuals flew to New York and Pennsylvania carrying marijuana. Following the deliveries, the defendant received either wire transferred funds in Tucson, Arizona or, if not by wire transfer, those who transported the marijuana to New York and Pennsylvania would return to Tucson and personally deliver cash to him.

Investigators of the Pennsylvania Attorney General's office identified in excess of $300,000 in Western Union and

_____

1. The district court had subject matter jurisdiction based on 18 U.S.C. S 3231. This court has appellate jurisdiction under 28 U.S.C. S 1291 and 18 U.S.C. S 3742.

American Express wire transfers from locations in State College and Southeastern Pennsylvania to the defendant when he resided in Tucson, and to other individuals located in Jamaica. The defendant admitted to a probation officer that a typical marijuana delivery consisted of a quantity in the twenty to thirty pound range. He also stated that he received approximately $150,000 via Western Union and American Express.

At the sentencing hearing, government witness Agent Kevin M. Barr verified the allegations contained in the PSR. In light of Barr's testimony, the district court found that the defendant was both an organizer and a leader of an extensive conspiracy, consisting of in excess offive participants. The court also sua sponte voiced the possibility of an upward departure from the defendant's criminal history category based mainly on the defendant's prior foreign conviction.2 More particularly, on December 3, 1990, the defendant was arrested by the Federal Judicial Police in Sonora, Mexico, while carrying 3.70 kilograms of marijuana. He told authorities that he was transporting the marijuana to the United States. He was convicted and sentenced in the Seventh District Court in Mexico for possession of marijuana and subsequently he was transferred to the United States through a prisoner exchange. Eventually United States Parole Commission paroled him on February 3, 1992 to commence a five-year term of supervised release.

Defense counsel objected to an upward departure, contending that the district court lacked authority to depart because the foreign conviction was purportedly a simple possession of marijuana. Under the guidelines, such a conviction meant that the defendant could not have received more than six months if he had been convicted in the United States. Hence, as a matter of law, defense counsel asserted that the court lacked authority to depart upward.

_____

2. In order to be consistent with the plea agreement, the Government took no position when the court inquired as to whether it believed an upward departure was warranted.

Overruling defense counsel's objection, the district court carefully considered its authority to depart under Guideline Section 4A1.3, noting with particularity that the accompanying commentary merely provided examples in determining the appropriateness of an upward departure. Pursuant to the Section 4A1.3, the court concluded that the defendant's Criminal History Category of I as reflected in the PSR significantly under-represented the seriousness of his criminal history. The court adjusted upward the defendant's category, placing the defendant in Category II which resulted in a guideline range of 97 to 121 months. The court then imposed a sentence of 120 months imprisonment, stating that the offense committed was serious in nature and that the defendant's continuing criminal conduct while under community supervision indicated a need for deterrence and protection for the community.

II.

The defendant's sole argument on appeal is that the district court erred when it departed upward. To the extent the defendant questions the district court's decision to depart, we review for abuse of discretion. Koon v. United States, 518 U.S. 81, 98 (1996). On the other hand, to the extent he questions the court's authority to depart, we review de novo. Id. at 100.

A.

The defendant argues that the district court erred when it adjusted upward his criminal category because not only did it lack reliable information concerning the foreign conviction, but the information that it possessed pertained solely to a single offense that was not serious in nature. He also contends that his case is unlike the example provided in the policy statement accompanying Guideline Section 4A1.3, involving a defendant with a criminal history that is extensive and serious in nature. On the other hand, his foreign conviction was a single offense, was not serious in nature, and would be only a misdemeanor if it had been committed in Pennsylvania. He further asserts that his

4

foreign conviction was not reliable because no certified copy of that conviction was introduced at his sentencing hearing. He concludes that a more suitable adjustment would have been a sentence in the upper range of the applicable guideline range under Category I rather than a departure.

In response, the Government contends that Guideline Section 4A1.3 permitted the district court to depart upward. It asserts that Section 4A1.3 contains no requirement that there be more than one foreign conviction. It avers that the information considered by the district court indicated that the defendant was convicted in Mexico for possession of 3.79 kilograms of marijuana, which he himself admitted he was transporting to the United States. Accordingly, it submits that because the offense involved a significant quantity of marijuana, coupled with an intent to import the substance into the United States and distribute it there, the district court was vested with the discretion to depart upward.

Lastly, as to the reliability of the defendant's foreign conviction, the Government observes that the conviction was honored through a prisoner exchange program and the defendant was transferred to the United States and released by the United States Parole Commission to commence a five year term of supervised release. The United States District Court for the District of Arizona supervising defendant's release recognized the validity of the underlying conviction when it found on May 3, 1993 that the defendant violated the condition of his supervised release and imposed a 21 month term of imprisonment. Therefore, the Government submits that the district court here justifiably relied on the foreign conviction in determining the appropriateness of an upward departure.

B.

Guideline Section 4A1.3 empowers the district court to depart upward "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes ... ." U.S.S.G. S 4A1.3. Section 4A1.3 also indicates that reliable

5

information can include " ... prior sentences' not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses) ... ." U.S.S.G.S 4A1.3(a).

To establish reliability of the foreign conviction, certified copies of the conviction albeit desirable are not required for the sentencing court's determination as to whether an upward adjustment is warranted. See United States v. Soliman, 889 F.2d 441, 444–45 (2d Cir. 1989). Furthermore, the sentencing court may, even in light of a constitutionally infirm foreign conviction, consider any reliable information concerning the conduct that led to the conviction. See United States v. Delmarle, 99 F.3d 80, 85 (2nd Cir. 1996).

C.

In the case at bar, we conclude that the district court, in exercising the discretion vested under Section 4A1.3, committed no error in relying on the defendant's foreign conviction, as well as the severity of the underlying offense,[3] and the defendant's past criminal history in determining that an upward departure was warranted. Not only was the court apprised of the possible constitutional infirmities surrounding the foreign conviction,[4] but the court also identified that evidence which it believed justified upward departure. See United States v. Luscier, 983 F.2d 1507, 1511 (9th Cir. 1993). Specifically, the court remarked that the defendant would have occupied the higher category had

_____

3. The district court's conclusion that the foreign offense conduct was sufficiently serious to trigger its discretionary authority to depart under
U.S.S.G. S 4A1.3 is supported by the fact that, had the defendant been convicted of possessing 3.70 kilograms of marijuana in the United States, he would have been subject to a 10–16 month sentence, assuming a criminal history category of I. See U.S.S.G. S 2D1.1 (possession of between 2.5 and 5 kg. of marijuana results in base offense level of 12).

4. See Soliman, 889 F.2d at 445 (citing Guidelines Manual Section 1B1.4 at 1.21)("Once appraised of the possible constitutional infirmities surrounding a foreign conviction, the sentencing judge, in an exercise of informed discretion, may rely on the conviction in deciding whether to depart from a Guideline range ... .")

the foreign conviction been counted in computing his criminal history category before departure. The court explained that "if [the foreign] conviction... was a federal conviction, he'd have another five points added on." Additionally, the court acknowledged that it was not certain whether the Mexican authorities adhered to due process in sentencing the defendant for possession of marijuana. Nevertheless, the court stated that it was confident that the conviction was fair. These reasons are not only well within the court's sound discretion, but also permissible considerations in fact and law. See Delmarle, 99 F.3d at 85; Luscier, 983 F.2d at 1511; Soliman, 889 F.2d at 445. We therefore perceive no error in the court's decision that it could depart upward and see no abuse of discretion in its decision to so depart.

III.

For the foregoing reasons, the judgment sentence of the district court will be affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

7