UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4888

MIGUEL ALEJO MUNDO,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-100)

Submitted: April 28, 2000

Decided: June 22, 2000

Before MURNAGHAN and LUTTIG, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Steven H. Levin, Assis-
tant United States Attorney, Greensboro, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Miguel Alejo Mundo pled guilty to conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846 (1994), and attempted possession of cocaine with intent to distribute, 21 U.S.C.A. § 841(a) (West 1999). He appeals the 103-month sentence he received, contending that the district court abused its discretion in departing upward because of a prior Mexican conviction for transportation of marijuana. We affirm.

Mundo's offense level was 28. With no criminal convictions in the United States, he was in criminal history category I. His guideline range was 78-97 months. However, Interpol records showed that in 1989 Mundo had been convicted in Mexico of transporting 19.5 kilograms of marijuana. The marijuana was concealed in a secret compartment in a truck with California license plates; Mundo told authorities he was being paid to transport it. Mundo received a ten-year sentence which was later reduced to three years and five months. The probation officer recommended that the district court consider departing upward based on the foreign sentence. See U.S. Sentencing Guidelines Manual § 4A1.3(a), p.s. (1998).

Mundo objected, asserting that the district court should not depart upward without reliable information about whether Mundo received due process in connection with the Mexican conviction. However, at sentencing, defense counsel could offer no information about the circumstances surrounding the conviction. The government argued that a departure was appropriate based on the quantity of marijuana and the ten-year sentence. The district court agreed and departed. The extent of the departure was determined by calculating the guideline range that Mundo would have if he had received three criminal history points for the Mexican conviction. The new guideline range was 87-108 months. The court imposed a sentence of 103 months.

2

On appeal, Mundo contends that the departure was an abuse of discretion because the district court lacked sufficient information about the level of due process afforded Mundo in the Mexican court. A district court's decision to depart is reviewed for abuse of discretion. See Koon v. United States, 518 U.S. 81, 96-100 (1996). The court may depart based on an encouraged factor unless the applicable guideline takes the factor into account. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997) (citing Koon). In this case, a foreign sentence is an encouraged factor under § 4A1.3(a).

Mundo argues that the district court should not have departed without evidence about the nature of the criminal justice system in the Mexican state where the conviction occurred. The guideline does not require such evidence or information. However, even when the district court is informed of possible constitutional violations affecting the foreign conviction, it may consider reliable information about the conduct underlying the conviction. See United States v. Fordham, 187 F.3d 344, 347 (3d Cir. 1999) (Mexican conviction for marijuana possession); see also United States v. Delmarle, 99 F.3d 80, 85 (2d Cir. 1996). In Mundo's case, no constitutional infirmities were identified in connection with the Mexican conviction, and Mundo did not dispute the facts in the Interpol report. A conviction for the underlying conduct would have exposed Mundo to a sentence of up to five years imprisonment in the United States, see 21 U.S.C.A. § 841(b)(1)(D) (West Supp. 1999). Given these facts, we find that the district court did not abuse its discretion in departing upward based on the Mexican sentence.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3