**UNITED STATES of America,**
**Appellee,**

v.

**Chad DANGERVIL, Defendant,**

**Eric Vizcarrondo, Defendant–Appellant.**

**No. 02–1034.**

United States Court of Appeals, Second Circuit.

Sept. 13, 2002.

I. Bennett Capers, Assistant United States Attorney; Gary Stein, Assistant United States Attorney, on the brief; for James B. Comey, United States Attorney for the Southern District of New York, for Appellee.

Larry H. Krantz, Krantz & Berman, LLP, New York, NY, for Defendant–Appellant.

Present GUIDO CALABRESI and BARRINGTON D. PARKER, JR., Circuit Judges, and DENISE COTE, District Judge.*

The sole question in this case is whether the petitioner's sentence violates due process, on account of the sentencing judge's alleged mistake of fact. We hold that no such mistake was made, and, accordingly, we dismiss the appeal.

## BACKGROUND

From roughly December of 1999 to August of 2000, Vizcarrondo and co-defendant Chad Dangervil concocted and executed fraudulent schemes to sell common stock in purported initial public offerings ("IPOs") of two fictitious companies. Vizcarrondo was caught red handed by an FBI agent, admitted his participation in the frauds, and implicated Dangervil and two others. He formed a written cooperation agreement with the government wherein, if satisfied with his "substantial assistance" and compliance with other obligations, the government promised to file a motion for a downward sentencing departure pursuant to U.S.S.G. § 5K1.1.

At sentencing, the court granted a downward departure of six months pursuant to the government's motion. Vizcar-

---

* The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

rondo contends that the sentence nonetheless violates due process—not on grounds of harshness, but because, he says, the punishment reflects the sentencing judge's misunderstanding of a key fact. To wit: whether a protective order against Vizcarrondo for domestic violence, mentioned in the Pre–Sentence Report ("PSR"), was in place at the time of sentencing. The PSR states that the child-abuse petition on which the protective order was premised had been dismissed after Vizcarrondo's ex-girlfriend missed a scheduled hearing. See PSR ¶ 60.

## DISCUSSION

The Sentencing Reform Act of 1984 strictly limits appellate review of a sentencing judge's decisions. *See United States v. Soliman,* 889 F.2d 441, 443 (2d Cir.1989). Generally, only the government may appeal a sentencing judge's decision to depart downward from the Guidelines range. *Id.* An exception to this rule obtains, however, where the sentence was imposed in violation of law. *Id.,citing* 18 U.S.C. §§ 3742(a)(1), (b)(1). A sentence based on the judge's misapprehension of a relevant fact violates due process, and hence gives this Court jurisdiction to hear a defendant's downward-departure appeal. *See United States v. McDavid,* 41 F.3d 841, 843–44 (2d Cir.1994).

Having carefully reviewed the record in the instant case, we are confident that no such mistake was made here. Midway through the proceedings, the sentencing judge asked some clarifying questions about whether a protective order was in place against Vizcarrondo. These questions did not yield much clarity, but there is no evidence that, in sentencing Vizcarrando, the District Court relied on any mistaken belief about the protective order. It is evident from the record that the sentencing judge, on account of the seri-

ousness of Vizcarrondo's crime and the financial losses suffered by the defrauded investors, simply chose not to be as lenient as Vizcarrondo had hoped she would be.

We have considered Vizcarrondo's arguments and find them meritless. Accordingly, the appeal is DISMISSED.