**UNITED STATES of America,**
**Appellee,**

v.

**Ronald FOLEY, also known as**
**Richard Scott, Defendant–**
**Appellant.**

**Docket No. 03–1044L.**

United States Court of Appeals,
Second Circuit.

Aug. 19, 2003.

Gregory L. Waples, Assistant U.S. Attorney, U.S. Attorney's Office for the District of Vermont, Burlington, VT, for Appellee.

James W. Murdoch, Murdoch & Hughes, Burlington, VT, for Defendant–Appellant.

Present: POOLER, SACK, and WESLEY, Circuit Judges.

## SUMMARY ORDER

On March 7 and March 22, 2001, Ronald Foley robbed separate branches of the Passumpsic Savings Bank in Newport, Vermont. After he was apprehended, Foley confessed to both robberies and pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). On March 24, 2002, while awaiting sentencing, Foley, brandishing a knife, overpowered a guard at the Addison County Jail and escaped with the guard's gun. Foley remained at large until April 3, 2002, when he was apprehended after robbing a bank in Plainville, Connecticut and leading police on a high-speed chase. Although Foley was charged with multiple crimes, he pleaded guilty to one count of escape, in violation of 18 U.S.C. § 751(a). Pursuant to his plea agreement, Foley agreed not to seek any downward departures with respect to the sentencing range on either conviction.

The United States District Court for the District of Vermont (William K. Sessions III, *Chief Judge*) consolidated Foley's sentencing for the bank robbery conviction with his sentencing for the escape conviction and determined that the total offense level was 32. The district court concluded that "the defendant ha[d] not demonstrated an acceptance of responsibility." The district court concluded that Foley was a career offender, pursuant to U.S.S.G. § 4B1.1, and had a criminal history category score of VI. However, the district court denied the government's motion for an upward departure. After concluding that the applicable sentencing range was 210 to 262 months imprisonment, the district court imposed the statutory maximum sentence of 240 months imprisonment for the bank robbery charge and a consecutive sentence of 22 months imprisonment for the escape charge. The district court also ordered that Foley serve a three-year term of supervised release and pay $53,706.01 in restitution.

Foley appeals the district court's decision to deny him an adjustment for acceptance of responsibility. "[T]he district

court's determination of acceptance of responsibility is a factual finding that must be upheld unless it is without foundation." *United States v. Hirsch,* 239 F.3d 221, 226 (2d Cir.2001) (citations and internal quotation marks omitted). In the instant case, Foley assaulted a guard, escaped from prison, and committed a series of crimes before being recaptured. "One factor that the sentencing court may take into account in deciding whether a defendant has accepted responsibility is whether he has voluntarily terminated all criminal conduct. If a defendant commits a second crime after pleading guilty to, and while awaiting sentencing for, a first offense, that is a relevant consideration in denying the acceptance-of-responsibility adjustment in selecting the sentence for that first offense." *United States v. Fernandez,* 127 F.3d 277, 285 (2d Cir.1997) (citations and internal quotation marks omitted). Accordingly, we cannot conclude that the district court's assessment was without foundation. *See id.*

Foley also argues that the district court should have sentenced him to the low end of the Sentencing Guidelines range. However, a district court's imposition of a sentence within a properly calculated Sentencing Guidelines range is not appealable, *United States v. Soliman,* 889 F.2d 441, 443–44 (2d Cir.1989), and Foley identifies no errors in the district court's sentencing calculations.

We have considered Foley's remaining arguments and find them to be without merit. Based upon the foregoing, the judgment of the United States District Court for the District of Vermont is affirmed.