SUMMARY ORDER

Michael Resilard appeals from a judgment of conviction entered November 27, 2007 by the United States District Court for the Southern District of New York, (Jones, J.) upon a guilty plea to four counts of bankruptcy fraud in violation of 18 U.S.C. § 157(3). We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
Resilard contends that his sentence was both procedurally and substantively unreasonable.
Procedural Reasonableness. A sentencing court must: (1) determine the Sentencing Guidelines range, then (2) consider the Guidelines range, along with the other factors listed in 18 U.S.C. § 3553(a). See Gall v. United States, — U.S.—, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007).
Resilard argues that the district court improperly included a two-level enhancement for numerosity of victims. Resilard forfeited this argument by waiving any factual objection to the PSR, which stated that the offense involved more than ten victims. We thus do not consider the argument on appeal. See, e.g., United States v. Soliman, 889 F.2d 441, 445 (2d Cir. 1989).
Resilard contends that the sentencing court neglected to consider his “history and characteristics,” 18 U.S.C. § 3553(a)(1), when determining his sentence because Judge Jones did not comment on Resilard’s work history and reputation in the community. Because Resilard failed to object on that ground at sentencing, we review for plain error. *76 See United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir.2008). “[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors,” United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006), and “that the sentencing judge has considered all arguments properly presented to her,” id. at 29. Resilard identifies no record evidence to overcome either of those presumptions.
Substantive Reasonableness. “Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion.” Id. at 27. We see no reason to conclude that Resilard’s sentence, which fell below the Guidelines range, was unreasonable.
For the foregoing reasons, the judgment of the district court is AFFIRMED.