UNITED STATES of America, Appellee,

v.

Randall S. STREICH, Defendant–
Appellant.

No. 517, Docket 92–1378.

United States Court of Appeals,
Second Circuit.

Argued Nov. 20, 1992.

Decided March 1, 1993.

Peter W. Hull, Asst. U.S. Atty., D.Vt., Burlington, VT (Charles A. Caruso, U.S. Atty., D.Vt., David V. Kirby, Chief, Criminal Division, of counsel), for appellee.

Timothy J. Lawliss, Milton, VT, for defendant-appellant.

* The Honorable Robert F. Peckham, United States District Judge for the Northern District of California, sitting by designation, participated in

Before: FEINBERG, and MAHONEY, Circuit Judges, and PECKHAM,* District Judge.

PER CURIAM:

Defendant-appellant Randall S. Streich was indicted on December 6, 1990 in two counts for violation of 18 U.S.C. §§ 641 and 2 (1988) by (1) theft of six items of government property worth an aggregate of $2,460.49, and (2) possession of one item of stolen government property, a computer printer worth $428.00. He pled guilty to the latter count. On June 23, 1992, the United States District Court for the District of Vermont, Fred I. Parker, *Chief Judge*, sentenced Streich to eighteen months imprisonment followed by three years of supervised release. The district court determined a base offense level of four pursuant to U.S.S.G. § 2B1.2(a); added three levels because the loss exceeded $2,000, *id.* §§ 2B1.2(b)(1), 2B1.1(b)(1)(D); added an additional two levels for more than minimal planning to conceal the offense of conviction, *id.* §§ 2B1.2(b)(4)(B), 1B1.1, comment. (n.1(f)); and subtracted two levels for acceptance of responsibility, *id.* § 3E1.1(a), resulting in an offense level of seven. Streich's criminal history category was V, yielding a guideline imprisonment range of twelve to eighteen months.

On appeal, Streich contends that: (1) the district court improperly increased his offense level by three points pursuant to U.S.S.G. § 2B1.2(b)(1) on the basis that he possessed stolen property worth $2,460.49 because: (a) the government failed to meet its burden of proof with respect to the value of the loss; (b) the evidence relied upon by the district court violated his rights under the Confrontation Clause of the Sixth Amendment; and (c) the enhancement based upon facts contained in the dismissed count of the indictment violated his constitutional rights; and (2) the district court erred when it increased his offense level for more than minimal planning pursuant to U.S.S.G. § 2B1.2(b)(4)(B). The government contends that Streich waived

the oral argument of this appeal, and voted prior to his death on February 16, 1993 in favor of the disposition set forth in this opinion.

his right to challenge the factual recitations of the presentence report ("PSR") when he failed to object thereto prior to his sentencing hearing, and in any event, that the district court findings are not clearly erroneous. We affirm.

The Sentencing Guidelines chapter on sentencing procedures and plea agreements includes a recommendation that "[c]ourts ... adopt procedures to provide for the timely disclosure of the [PSR]; the narrowing and resolution, where feasible, of issues in dispute in advance of the sentencing hearing; and the identification for the court of issues remaining in dispute." U.S.S.G. § 6A1.2, p.s.[1] In accordance with this recommendation, the district court entered a procedural order on May 10, 1991 which directed that:

2. The [PSR] shall be provided to the defendant, counsel for the defendant and counsel for the government....

3. Upon review of the [PSR], any party disputing *sentencing factors or facts material to sentencing,* or seeking the inclusion of additional facts or factors material to sentencing in the [PSR], shall make that known to the United States Probation Officer and opposing counsel. After receiving counsel's objections, the probation officer shall conduct any further investigation and make any revisions to the [PSR] that may be necessary. The officer may request counsel for both parties to meet with the officer to discuss unresolved factual and legal issues.

4. The United States Probation Office shall submit the [PSR] to the court and to counsel. If there remain disputed issues which were not resolved, the [PSR] shall contain an addendum identifying these to the court and to the parties, together with the officer's comments thereon. Except for any such unresolved disputed issues, the report of the

presentence investigation *may be accepted by the court as accurate.* The court, however, for good cause shown, may allow a new objection to be raised at any time before the imposition of sentence. *United States v. Streich,* No. 90–103–01 (D.Vt. May 9, 1991) (emphasis added). A subsequent scheduling order directed the parties to notify the court, not later than five days prior to sentencing, if a hearing was required to resolve any factual or guideline application dispute.

■ We note that such procedures are consistent with, and indeed are contemplated by, the Federal Rules of Criminal Procedure, which provide that counsel shall be provided with the PSR at least ten days prior to sentencing, Fed.R.Crim.P. 32(c)(3)(A), (C), and that:

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing....

Fed.R.Crim.P. 32(c)(3)(D). The clear implication is that matters that are uncontroverted by the defendant may be considered by the court in sentencing.

In his presentence memorandum, Streich conceded that a three-level increase would be appropriate if the loss were calculated upon all the items identified in the entire indictment at the value stated therein, but contended that the loss should be limited to the single item identified in the count of conviction, resulting in an increase by only one level. Streich advanced no other objection to the PSR in his presentence memorandum. The addendum to the PSR that

---

1. U.S.S.G. § 6A1.2, p.s. initially took the form of a more detailed guideline. The current policy statement was substituted effective June 15, 1988 because "this subject is more appropriately covered by the Model Local Rule for Guideline Sentencing prepared by the Probation Committee of the Judicial Conference [now known as the Judicial Conference Committee on Criminal Law]." U.S.S.G.App. C, amend. 59. The pertinent provisions of the Model Local Rule are similar to those set forth in the procedural order and scheduling order employed by the district court in this case.

identified disputed issues for the court, in accordance with the initial procedural order, specified this contention as Streich's only objection to the PSR. The government's sole objection to the PSR, according to the PSR addendum, was directed to the PSR's failure to add two levels for more than minimal planning to commit the theft charged in count one of the indictment and to conceal "the offense."

At his sentencing hearing, after conceding that he knew of no issues other than those identified via the PSR process and had no evidence to present, Streich made legal objections to the PSR that parallel those advanced on this appeal, and also attacked the reliability of the evidence underlying the enhancements of his sentence. His primary contentions were that while the PSR included allegations by informants concerning Streich's commission of the theft charged in count one of the indictment, (1) the PSR did not specifically conclude that Streich had committed the theft, and (2) the informants' allegations were inadequately reliable to support a conclusion, by a preponderance of the evidence, that Streich had committed the theft. Streich sought no continuance of the hearing, however, and made no demand that the sources of the allegations in the PSR be made available for cross-examination.

■■■■ Streich's position is not tenable. There is no requirement that a PSR be cast in the form of findings of fact, rather than a narrative recital of the pertinent evidence. The district court was entitled to consider the statements of absent informants recited in the PSR, especially since Streich made no demand that they be summoned for cross-examination. See *United States v. Romano*, 825 F.2d 725, 728 (2d Cir.1987) ("a district judge may consider hearsay statements, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in an acquittal in determining sentence") (citing *United States v. Pugliese*, 805 F.2d 1117, 1122 (2d Cir.1986)). Further, because Streich failed to contest the allegations contained in the PSR, as prescribed by the district court's procedural and scheduling orders, the court

was entitled to regard them as true. See *United States v. Lopez–Cavasos*, 915 F.2d 474, 476–79 (9th Cir.1990); *cf. United States v. Soliman*, 889 F.2d 441, 445 (2d Cir.1989) (where no challenge made to PSR below, relief cannot be sought on appeal) (citing *United States v. Bufalino*, 576 F.2d 446, 453 (2d Cir.), *cert. denied*, 439 U.S. 928, 99 S.Ct. 314, 58 L.Ed.2d 321 (1978)).

■■■■ In any event, we are constrained to affirm the factual findings of the district court in the absence of clear error, *see* 18 U.S.C. § 3742(e) (1988), and find none here. The government's burden is to establish material and disputed facts by the preponderance of the evidence. *United States v. Guerra*, 888 F.2d 247, 251 (2d Cir.1989), *cert. denied*, 494 U.S. 1090, 110 S.Ct. 1833, 108 L.Ed.2d 961 (1990). The PSR specified that Streich's roommates stated that all of the stolen property was in their apartment at one time until it was later removed by Streich, and that there was an anonymous tip that Streich had committed the burglary. These statements are consistent with the results of the police department's investigation, and with the subsequent recovery of the stolen computer printer that was the subject of count two of the indictment at the residence of Streich's mother. The district court ruled that this evidence was not sufficient to prove that Streich was involved in the burglary, but was sufficient to prove by a preponderance of the evidence that Streich was in possession of all the stolen property at some time. This determination was amply supported by the evidence.

■■■■ Streich also asserts that the district court's reliance upon the PSR violated his rights under the Confrontation Clause of the United States Constitution, invoking the Eighth Circuit's opinion in *United States v. Fortier*, 911 F.2d 100 (8th Cir. 1990). The Eighth Circuit overruled *Fortier*, however, in *United States v. Wise*, 976 F.2d 393, 401 (8th Cir.1992) (in banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1992). In any event, this circuit allows the consideration of hearsay testimony at sentencing. *See Romano*,

825 F.2d at 728; *see also United States v. White*, 972 F.2d 16, 22 (2d Cir.) ("A sentencing judge may consider a wide range of information in arriving at an appropriate sentence.") (citing *Romano*, 825 F.2d at 728), *cert. denied*, —— U.S. ——, 113 S.Ct. 669, 121 L.Ed.2d 593 (1992); *cf. United States v. Copeland*, 902 F.2d 1046, 1050 (2d Cir.1990) ("The Due Process Clause does not restrict the court with respect to the type of information it may consider for purposes of sentencing.") (collecting cases).

 Streich next contends that the district court's decision to base a sentence enhancement upon facts contained in a dismissed count of the indictment violated his due process rights, his rights concerning double jeopardy, and his rights under the Eighth Amendment. We reject these claims. It is clear that a district court may rely upon facts not proven beyond a reasonable doubt in sentencing. *See, e.g., United States v. Jacobo*, 934 F.2d 411, 418 (2d Cir.1991); *United States v. Lee*, 818 F.2d 1052, 1057 (2d Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987). We have also held that a defendant's right to be free from double jeopardy is not infringed by sentencing enhancements based upon acquitted, much less dismissed, counts of an indictment. *United States v. Rodriguez–Gonzalez*, 899 F.2d 177, 180–82 (2d Cir.), *cert. denied*, 498 U.S. 844, 111 S.Ct. 127, 112 L.Ed.2d 95 (1990). Finally, we discount Streich's argument that the enhancement of his sentence violated his Eighth Amendment rights when the resulting eighteen-month sentence was 102 months less than the statutory maximum. *See* 18 U.S.C. § 641 (1988).

 Finally, Streich challenges the district court's determination that his sentence should be enhanced for "more than minimal planning" pursuant to U.S.S.G. §§ 2B1.2(b)(4)(B) and 1B1.1, comment. (n.1(f)). The pertinent application note states that the enhancement is applicable "if significant affirmative steps were taken to conceal the offense." *Id.* § 1B1.1, comment. (n. 1(f)). The district court found the transfer of the computer printer to Streich's mother's house and its conceal-

ment there, seventy miles distant from the site of the burglary, sufficient to support the enhancement. We are enjoined to "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e) (1988). The district court acted well within its discretion in applying the section 2B1.2(b)(4)(B) enhancement.

Accordingly, the judgment of the district court is affirmed.