**UNITED STATES of America,**
**Appellee,**

v.

**William WALTER, Defendant–**
**Appellant.**

**Docket No. 02–1408.**

United States Court of Appeals,
Second Circuit.

Jan. 30, 2003.

Terrence P. Buckley, Islandia, New York, for Appellant.

Christina B. Dugger, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York (Peter A. Norling, Assistant United States Attorney, on the brief), for Appellee.

Present: OAKES, CALABRESI, and SACK, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the sentence of the district court is hereby AFFIRMED.

Defendant–Appellant William Walter pleaded guilty in the district court to one count of conspiring to import MDMA, a controlled substance commonly known as "Ecstasy," into the United States in violation of 21 U.S.C. § 963. The Presentence Report ("PSR") concluded that the applicable sentencing range under the Sentencing Guidelines was 110 to 137 months, taking into account Walter's criminal history, his acceptance of responsibility, and his role in the offense. Prior to sentencing, the government moved, pursuant to U.S.S.G. § 5K1.1, for a downward departure in light of Walter's substantial assistance of the government's investigation into the MDMA conspiracy. At sentencing, the government elaborated on its motion, and Walter asked for a downward departure on the basis of both the substantial assistance he provided to the government and his rehabilitation from alcohol abuse.

After hearing both sides, the district court imposed a sentence of 55 months'

imprisonment, departing downward 55 months from the minimum Guideline sentence. Although the district court did not detail the relative contributions of Walter's rehabilitation and substantial assistance to the amount of the departure, the judgment form indicates that the departure was due solely to Walter's substantial assistance. The district court also indicated that it did not want Walter to cooperate with the government before or during his period of incarceration or during his period of supervised release, stating, "I want him out of the drug business directly and indirectly."

On appeal, Walter challenges the district court's refusal to depart further from the Guidelines, the accuracy of the findings of the PSR, and the order barring him from cooperating further with the government.

At sentencing, the district judge asked both parties whether they "wish[ed] to contest anything in the presentence report." Both Walter and the government responded, "No, your Honor." Such being the case, the district court "was entitled to regard [the findings of the PSR] as true." *United States v. Streich*, 987 F.2d 104, 107 (2d Cir.1993) (*per curiam*); *see also United States v. Soliman*, 889 F.2d 441, 445 (2d Cir.1989) (failure to challenge the accuracy of a PSR in the district court forfeits the claim for purposes of appeal). We therefore do not consider Walter's claims that errors in the PSR resulted in an erroneous sentence.

Walter challenges the district court's refusal to depart further from the Sentencing Guidelines as unreasonable in light of his extraordinary efforts at rehabilitation, descriptions of some of which were not included in the PSR. In addition, Walter asserts that the district court did not appreciate its authority to depart for this reason. Ordinarily, a district court's refusal to depart from the Guidelines is not appealable. *See United States v. Brown*, 98 F.3d 690, 692 (2d Cir.1996) (*per cu-*

*riam*). We will, however, consider appeals in cases where a judge mistakenly believed that he or she was without power to grant a departure. But in order to disturb the usual presumption against appealability, there must be "clear evidence of a substantial risk that the judge misapprehended the scope" of his or her discretion to depart. *See United States v. Tenzer*, 213 F.3d 34, 42 (2d Cir.2000). There is nothing in the record that would indicate the district judge was under such a misapprehension in this case.

Finally, Walter argues that the district court was without power to prevent him from cooperating with federal authorities in drug investigations. This claim is not frivolous, because an order that prevented Walter from cooperating with authorities during his term of imprisonment would arguably lack a statutory basis. *See* 18 U.S.C. § 3551; *United States v. Felipe*, 148 F.3d 101, 109 (2d Cir.1998); *United States v. Elkin*, 731 F.2d 1005, 1010–11 (2d Cir.1984), disapproved on other grounds by *United States v. Ali*, 68 F.3d 1468 (2d Cir.1995). But the district court's language was only precatory, expressing to both the government and Walter the court's quite understandable view that Walter ought not have any more exposure to the drug business. No order was imposed prohibiting Walter's cooperation with the government.

We have considered all of Appellant's arguments and find them meritless. We therefore DISMISS the appeal of the district court's refusal to depart further from the Sentencing Guidelines and otherwise AFFIRM the sentence imposed by the district court.