UNITED STATES of america, Appellee,

v.

Wong CHANG, aka Gong Ling,
Defendant–Appellant,

Lin Tong MING, Chen Keung, also known as Lau He, Lin Bao Lin, Li En Di, also known as Tung Jung, also known as Andy, Jin Tie, Zhang Ming, also known as Liu Rong, Zhe Gong, Zhong Wu and Ah Yong Hong, Defendants.

No. 02–1492.

United States Court of Appeals, Second Circuit.

Feb. 28, 2003.

Roger Bennet Adler, New York, NY, for Appellant.

Michael G. McGovern, Assistant United States Attorney, (Christine H. Chung, Assistant United States Attorney, James B. Comey, United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellees, of counsel.

PRESENT: CABRANES, F.I. PARKER, Circuit Judges, and KAPLAN, District Judge.*

* Of the United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of February, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant Wong Chang appeals from his judgment of conviction and sentence entered in the District Court on August 15, 2002, sentencing Chang principally to 360 months of imprisonment. On appeal, Chang claims that the District Court (1) abused its discretion by failing to hold a *Fatico* hearing pursuant to *United States v. Fatico,* 579 F.2d 707 (2d Cir.1978), (2) erred in failing to apply the "clear and convincing" standard, instead of the "preponderance" standard, to its evaluation of the Government's evidence presented at sentencing, and (3) erred in increasing Chang's sentencing level based on the death of a hostage where the Government had not shown that Chang had acted with premeditation, which counsel argues is required under 18 U.S.C. § 1111.

Chang's claims fail.

### 1. The Fatico Claim

█ The District Court did not abuse its discretion in failing to hold a *Fatico* or other evidentiary hearing because Chang's challenges to the Court's sentence are limited to legal issues disputing (i) the Court's ability to rely on the statements of confidential informants and of two co-conspirators contained in the Pre–Sentence Report and proffered by the Government, and (ii) the Court's calculation of Chang's sentencing level under the United States Sentencing Guidelines ("U.S.S.G."). While Chang's brief is rife with speculation on the motives to lie of the confidential informants and co-conspirators, Chang never actually disputed the factual content of their statements–namely, that a hostage was beaten to death while Chang stood guard, that Chang defaced and dumped the body, and that Chang abandoned the vehicle that he used to dump the body. Absent Chang's denial of these facts, there were no disputed issues of fact about which the District Court could (or should) have held a hearing.

### 2. The Evidentiary Standard

The District Court did not err in evaluating the Government's evidence at sentencing under a "preponderance of the evidence" standard. A sentencing court is not bound by the rules of evidence that would pertain at trial and is not limited to "admissible evidence" in making its sentencing determination. *United States v. Brinkworth,* 68 F.3d 633, 641 (2d Cir.1995). Instead, the court may consider any "reliable" proof. U.S.S.G. § 6A1.3, cmt. A sentencing court thus may rely on "hearsay statements, evidence of uncharged crimes, dropped counts of an indictment and criminal activity resulting in acquittal," *United States v. Reese,* 33 F.3d 166, 174 (2d Cir.1994), and even may choose to rely the hearsay statements of an absent

informant, *United States v. Streich,* 987 F.2d 104, 107 (2d Cir.1993) (*per curiam*).

■ Under this standard, the District Court's reliance on the statements of confidential informants and of Chang's co-conspirators that were contained in the Pre–Sentencing Report was not error. Each of these parties may have had an incentive to provide useful information to investigators in return for some consideration. The fact that the statements were not made by disinterested parties, however, does not, standing alone, deprive the statements of probative value.

The statements at issue are rendered more reliable by the fact that Chang never denied that a hostage was killed. The District Court offered Chang several opportunities to make statements during his sentencing. Chang first replied to the Court only that he believed his sentence was too severe. The Court explained that the sentence was significantly more severe that it would have been for hostage-taking alone because a hostage was killed during the course of the crime, and then again invited Chang to make a statement. Chang again only stated that he felt that the sentence was too severe, and neither stated to the Court that a hostage was *not* killed nor denied the confidential informants' and co-conspirators' statements that he had defaced and dumped the body.

3. *The Application of the Murder Guideline, U.S.S.G. 2A1.1*

Appellant argues that the District Court erred in increasing his sentencing under the Sentencing Guideline for murder, U.S.S.G. 2A.1, where the Government did not show, or even argue, premeditation. Rather, he claims even if a hostage was killed, that the Court should have applied a lower increase in sentencing level pursuant to the Sentencing Guideline for manslaughter.

■ Contrary to Chang's claim, application of the murder guideline was correct irrespective of whether the hostage's killing was premeditated. In light of Chang's conviction for hostage -taking, in violation of 18 U.S.C. § 1203, Chang was sentenced pursuant to U.S.S.G. § 2A4.1 (Kidnaping, Abduction, Unlawful Restraint). Section 2A4.1 cross-references the Sentencing Guideline for First Degree Murder, U.S.S.G. § 2A1.1, in cases where "the victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111." Title 18 U.S.C. § 1111(a), for its part, defines the crime of murder punishable under the statute as (i) any killing committed with premeditation (or "malice aforethought"), and (ii) any killing committed in the course of a felony, specifically including "kidnaping." In other words, § 1111 contains a felony-murder rule, which dispenses of the requirement of premeditation. Therefore, because Chang was eligible to be sentenced, pursuant to his plea, under U.S.S.G. § 2A4.1, and that section incorporates by cross-reference the felony-murder rule of 18 U.S.C. § 1111, and further because reliable proof showed that a hostage was killed "under circumstances that would constitute murder under 18 U.S.C. § 1111," the District Court was required to increase his sentence to account for the hostage's death. The Government was not required to show premeditation–or even direct participation–by Chang because the felony-murder rule embodied in § 1111 contains no such requirements.

Appellant raises several other claims on appeal. Having reviewed all of the Appellant's other claims, and finding in them no merit, the judgment of conviction and sentence entered by the District Court is AFFIRMED.