**UNITED STATES of America,**
**Appellee,**

v.

**Jose MONTES, Defendant–Appellant.**

No. 03–1168.

United States Court of Appeals,
Second Circuit.

June 23, 2004.

B. Alan Seidler, New York, N.Y. (on submission), for Appellant.

Andrew J. O'Connell and Adam B. Siegel, Assistant United States Attorneys, for David N. Kelley, United States Attorney for the Southern District of New York (on submission), for Appellee.

PRESENT: B.D. PARKER, WESLEY, Circuit Judges, and IRENAS,[1] District Judge.

### SUMMARY ORDER

Defendant–Appellant Jose Montes appeals from a judgment of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *J.*) convicting him following his plea of guilty to charges of dealing in firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A), possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm in a school zone in violation of 18 U.S.C. § 922(q)(2)(A). Familiarity

---

**1.** The Honorable Joseph E. Irenas, United States District Judge for the District of New Jersey, sitting by designation.

with the factual and procedural history of this case is assumed.

On appeal, Montes argues that a violation of double jeopardy accrued when the District Court increased his offense level by two levels pursuant to U.S.S.G. § 2K2.1(b)(4), which provides that the offense level for a firearms violation should be increased by two levels "[i]f any firearm was stolen, or had an obliterated serial number." U.S.S.G. § 2K2.1(b)(4). Montes notes that Count 3 of the indictment against him, which alleged that he possessed a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k), had been dismissed by the District Court. In Montes' view, the obliterated serial number on the firearm involved in the dismissed count cannot be used to enhance his sentence with respect to any of the other offenses for which he was convicted without resulting in a double jeopardy violation.

A defendant's double jeopardy challenge to his sentence is reviewed *de novo*. *United States v. Maslin*, 356 F.3d 191, 195 (2d Cir.2004). We find that Montes' argument is foreclosed by our decision in *United States v. Streich*, 987 F.2d 104 (2d. Cir. 1993), where we considered whether a "district court's decision to base a sentence enhancement upon facts contained in a dismissed count of the indictment violated [a defendant's] rights concerning double jeopardy." *Id.* at 108. We concluded in *Streich* that a "defendant's right to be free from double jeopardy is not infringed by sentencing enhancements based upon acquitted, much less dismissed, counts of an indictment." *Id.; see also United States v. Watts*, 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam) (holding that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evi-

dence"); *United States v. Rodriguez–Gonzalez*, 899 F.2d 177, 180 (2d Cir.1990) (rejecting the argument that the Double Jeopardy Clause is violated when offense levels are enhanced on the basis of conduct for which defendants were acquitted, and explaining that this argument "misperceives the distinction between a sentence and a sentence enhancement"). Montes' double jeopardy claim is therefore meritless, and we conclude that the District Court properly increased his offense level pursuant to U.S.S.G. § 2K2.1(b)(4).

We have reviewed Montes' remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.