OPINION
{¶ 1} This appeal is from a determination by the Court of Common Pleas of Stark County that Appellant was a sexual predator
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was found guilty of one count of rape of his three-year-old niece.
 {¶ 3} The court ordered a pre-sentence investigation and conducted a hearing as to Appellant's sexual classification for registration purposes.
 {¶ 4} The sole Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 5} "I. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WHERE THE EVIDENCE BEFORE THE COURT WAS INSUFFICIENT TO ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 I. {¶ 6} Revised Code § 2950.01(E)(1) states:
 {¶ 7} "`Sexual predator' means a person to whom either of the following applies:
 {¶ 8} "(1) The person has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 9} Revised Code § 2950.09(B)(1)(a), (B)(3) and (B)(4) provide:
 {¶ 10} "(B)(1)(a) The judge who is to impose sentence on a person who is convicted of or pleads guilty to a sexually oriented offense that is not a registration-exempt sexually oriented offense shall conduct a hearing to determine whether the offender is a sexual predator if any of the following circumstances apply:
 {¶ 11} "* * * (3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 12} "(a) The offender's or delinquent child's age;
 {¶ 13} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 15} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 16} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 17} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 19} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct.
 {¶ 22} "(4) After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(3) of this section, the court shall determine by clear and convincing evidence whether the subject offender or delinquent child is a sexual predator. If the court determines that the subject offender or delinquent child is not a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence or in the delinquent child's dispositional order, as appropriate, that the court has determined that the offender or delinquent child is not a sexual predator and the reason or reasons why the court determined that the subject offender or delinquent child is not a sexual predator. If the court determines by clear and convincing evidence that the subject offender or delinquent child is a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence or in the delinquent child's dispositional order, as appropriate, that the court has determined that the offender or delinquent child is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. In any case in which the sexually oriented offense in question is an aggravated sexually oriented offense, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the offender's offense is an aggravated sexually oriented offense. The offender or delinquent child and the prosecutor who prosecuted the offender or handled the case against the delinquent child for the sexually oriented offense in question may appeal as a matter of right the court's determination under this division as to whether the offender or delinquent child is, or is not, a sexual predator."
 {¶ 23} In considering the testimony before the court as to the statutory factors, first, the age of the Appellant was 24 years and the victim was his three-year-old niece.
 {¶ 24} Appellant admitted putting his finger in her vagina and stated that he "humped her".
 {¶ 25} The Court was also made aware that in 2003, he began kissing a 12-year-old neighbor until seen by his parents.
 {¶ 26} No charges were filed as a result of this conduct although it was investigated.
 {¶ 27} While this hearing did not involve sentencing, no Constitutional prohibitions prevent testimony, even at a sentencing hearing of other circumstances which may be considered whether charges were brought, convictions resulted and even if acquittal occurred.
 {¶ 28} A judge's discretion in sentencing is "largely unlimited either as to the kind of information he may consider, or the source from which it may come." See, United States v.Tucker, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592
(1972). We have consistently acknowledged a sentencing court's wide discretion to consider all circumstances that shed light on a convicted person's background, history and behavior. Billiteriv. United States Bd. of Parole, 541 F.2d 938, 944 (2d Cir. 1976); see also United States v. Charmer Industries, Inc.,711 F.2d 1164, 1170-71 (2d Cir. 1983) (hearsay statements bearing no relationship to the crime charged may be included); UnitedStates v. Mennuti, 679 F.2d 1032, 1037 (2d Cir. 1982) (similar though uncharged crimes may be considered); United States v.Hendrix, 505 F.2d 1233, 1235 (2d Cir. 1974), cert. denied,423 U.S. 897, 96 S.Ct. 199, 46 L.Ed.2d 130 (1975) (claimed perjury, though neither charged nor tried, may be taken into account);United States v. Needles, 472 F.2d 652, 654-56 (2d Cir. 1973) (a dropped count in an indictment may be considered); UnitedStates v. Sweig, 454 F.2d 181, 184 (2d Cir. 1972) (criminal activity for which a defendant has been acquitted may be included)." United States of America v. Guiseppe Pugliese, etal. (1986), 805 F.2d 1117. See also, United States of Americav. Richard Romano, aka `Richard Dione", et al. (1987),825 F.2d 725 and United States of America v. Randall S. Streich, (1992),987 F.2d 104.
 {¶ 29} Appellant's prior criminal history was:
 {¶ 30} "In 1997, disorderly conduct. 1997, theft. 1998, criminal damaging. 1999, petty theft. 1999, theft, criminal damaging. 2000, aggravated menacing. 2003, resisting arrest, criminal damaging. 2003, resisting arrest, disorderly conduct by intoxication. 2005, disorderly conduct." (Tr. at 8).
 {¶ 31} The court noted that while three years had elapsed as to the charged offense, no attempt was made to obtain sexual counseling.
 {¶ 32} In addition to these factors, the court had expert testimony from Dr. Robert Devies, a psychologist who conducted a sex offender risk assessment after considering Appellant's past criminal history, interviewing him and administering mental and psychometric tests in an attempt to prognosticate as to Appellant's propensity to re-offend in similar behavior.
 {¶ 33} Dr. Devies concluded that a 75 percent probability of relapse would occur during the first seven years with an 89 percent probability in ten years, using the low range of the applicable statistics.
 {¶ 34} Appellant cites State v. Eppinger (2000),91 Ohio St.3d 158, in support of his contention that the absence of known other behavioral sexual incidents indicates that recidivism was unlikely.
 {¶ 35} Such case only stands for the proposition that one sexual factor, standing alone may constitute an abuse of discretion in support of a sexual predator classification.
 {¶ 36} Such case further stated, as was provided to the court in the case sub judice, that the record should indicate:
 {¶ 37} "* * * those portions of trial transcript, victim impact statements, presentence report and other pertinent aspects of defendant's criminal and social history that both relate to statutory factors governing sexual offender classification and are probative of whether defendant is likely to engage in future sexually oriented offenses." Id.
 {¶ 38} The sole Assignment of Error asserts that the test of clear and convincing evidence was not met to support the court's conclusion that Appellant was a sexual predator. We disagree.
 {¶ 39} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v.Ledford (1954) 161 Ohio St. 469, paragraph three of the syllabus. While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than that which constitutes "beyond a reasonable doubt." State v. Danby (1983),11 Ohio App.3d 38, 41, citing Cross at 477.
 {¶ 40} In examining the record as to the statutory factors of R.C. § 2950.09, we find that sufficient data was presented warranting the court's ruling.
 {¶ 41} The judgment of the Stark County Court of Common Pleas is affirmed at Appellant's costs.
Boggins, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.