09-3868-cr
United States v. Whitney

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York,
on the 24th day of June, two thousand and ten.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                    *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                                          *Defendant-Appellant*,

              -v-                                          (09-3868-cr)

DEBORAH LYNN WHITNEY,

                                          *Appellee*.

---

Appearing for Appellant:     David C. Sleigh, Sleigh & Williams, St. Johnsbury, Vt.

Appearing for Appellee:      William B. Darrow, Assistant United States Attorney for the
                             District of Vermont (Tristam J. Coffin, United States Attorney for
                             the District of Vermont, Gregory L. Waples, Assistant United
                             States Attorney, *on the brief*), Burlington, Vt.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellee Deborah Lynn Whitney pleaded guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343, one count of mail fraud in violation of 18 U.S.C. § 1341, and one count of filing a false tax return in violation of 26 U.S.C. § 7206. She was sentenced principally to 41 months imprisonment. On appeal, Whitney primarily argues that (1) the district court abused its discretion in denying her request to postpone sentencing and (2) erred in imposing a sentence predicated upon two enhancements without providing an adequate factual or legal basis. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court did not abuse its discretion in denying Whitney's motion to postpone sentencing. "A sentencing court has broad discretion respecting the scheduling of sentencing proceedings. Absent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, we will not vacate a sentence because a continuance was denied." *United States v. Prescott*, 920 F.2d 139, 146-47 (2d Cir. 1990). "And even within this regime, we apply a particularly deferential standard of review." *United States v. Doe*, 239 F.3d 473, 475 (2d Cir. 2001).

Whitney's motion was made on the eve of sentencing, and stated only that the continuance was necessary "to allow newly retained counsel to adequately prepare." Whitney failed to show that the denial was arbitrary or that it "substantially impaired" her opportunity to secure a fair sentence. As the district court observed, Whitney's original counsel met with the probation office three times to discuss the presentence report ("PSR") and thoroughly briefed the remaining issues for the court. Moreover, Whitney failed to demonstrate how her sentencing was prejudiced by the delay.

Whitney's remaining arguments are equally meritless. Whitney waived her objection to the facts set forth in the PSR. It is well settled that a defendant's failure to contest factual allegations included in the PSR allows the district court to treat those uncontested facts as true in sentencing. *United States v. Streich*, 987 F.2d 104, 107 (2d Cir. 1993). Whitney's only objection to the PSR was to protest the enhancement for abuse of trust. When asked directly by the district court at sentencing if "there were any factual mistakes in the report," Whitney answered, "No. It was fine." During sentencing, the defense did not object to any of the numerous statements made by both the district court and the government that the loss and obstruction enhancements were uncontested. Rather, the defense focused its efforts on trying avoid an enhancement for abuse of trust and trying to win a downward departure due to Whitney's family circumstances.

2

We have examined the remainder of Whitney's arguments and we find them without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk